NAPIER, RAPELJE & BENNETT *vs.* McLEOD.

A *power of attorney* executed on the dissolution of a firm by two partners to a third, authorizing him to ask, demand and receive the debts of the firm, and declaring the appoinment *irrevocable*, does not *transfer* such debts to the member thus authorized, and consequently does not render inoperative a *release* subsequently executed by one of the other members of the firm, to one of its debtors.

The mere fact of the appointment being declared to be *irrevocable* is not enough to give the instrument the character of an *assignment*.

DEMURRER to replication. This is an action of assumpsit for goods sold, &c. The defendant pleads that after the making of the promise, &c. to wit, on the 1st June, 1825, *Rapelje*, one of the plaintiffs, executed to him a *release* of all claims and demands. The plaintiffs reply *precludi non*, because they say that before the executing of the release, to wit, on the 16th February, 1824, Rapelje and Bennett, two of the plaintiffs, executed a certain deed or instrument in writing, whereby, after reciting that they, together with Napier the other plaintiff, had then lately traded together in partnership, under the name and firm of " Napier, Rapelje and Bennett," and that on the dissolution of their copartnership, it had become expedient to empower and authorize *Thomas Napier*, one of the said plaintiffs, to receive and collect the out-standing debts, and generally to conclude the unfinished business of the firm, they, (Rapelje and Bennett,) for the considerations aforesaid, and *for divers other good causes and considerations* them thereunto moving, made, ordained, constituted and appointed the said T. Napier, their and each of their true and lawful attorney *irrevocably, for them* and in their names, and in the name of the firm of " Napier, Rapelje and Bennett," *and on their behalf*, to ask, demand and receive all debts, dues and demands, &c. to compromise, compound, and submit to arbitration, and to execute all deeds necessary for that purpose, and upon receipt of the debts, &c. to give acquittances for them, and in their names, and in the name of the firm, or in his own name, and to do all such other acts *for them, and for the firm*, in and about the premises, as they, Rapelje and Bennett, might do if

personally present, ratifying and confirming, &c. of which deed or instrument in writing, the defendant before the execution of the *release* to him, to wit, on, &c. had notice. To this replication the defendant demurs.

*D. Lord, jun.* for defendant.

*R. Emmet,* for plaintiffs.

*By the Court,* SAVAGE, Ch. J. The only question in this case is, whether the power of attorney operated as an assignment to Napier of the interest of Rapelje and Bennett. If it did not, then each of them had the same interest in the partnership effects and in the debts due to the firm which Napier had; and then also it conferred on Napier no power which he did not possess without it. It might indeed be more satisfactory to the debtors of the firm, to know that the authority of the whole firm was concentrated in the person who was entrusted with the settlement of its concerns. The question, however, must be determined from the instrument itself. It does not in terms purport to convey the interest of Rapelje and Bennett ; the only expression favorable to such a construction is the word *irrevocably*. Why, it is asked, should the power be *irrevocable,* unless they had parted with their interest ? But I apprehend the mere expression that the power is irrevocable, does not make it so ; if no interest is conveyed, and nothing but a bare authority, uncoupled with an interest is granted, the power which creates can destroy ; and he who gives a naked authority can revoke it. In the case of *Gram* v. *Cadwell,* 5 *Cowen,* 491, there were recitals in the instrument which proved the whole interest to be in Gram, at least until the settlement of the partnership concerns ; there is nothing in this instrument which imports an assignment, or any thing but a mere authority. Rapelje and Bennett constitute Napier *their attorney irrevocably, for them and in their names, and in the name of the firm, and on their behalf,* to ask, demand, &c. It is not stated to be for his use. If the debts are to be received *for them,* it cannot be for *his* exclusive benefit ; indeed the language is

that he is to demand and receive the debts in the name of the firm and on their behalf. The interest of the firm is not changed. So again, if there had been an asssignment of the interest of Rapelje and Bennett, it was very useless to authorize Napier to do as he pleased with his own ; he is authorized to compound, to refer, and to act at discretion in liquidating the debts of the firm. Were this a contract between the partners directly, and the letter of attorney were produced as a conveyance, I think we could not hesitate in deciding that it did not operate as a transfer of title. If this be so, then the release was valid, and the plea good ; and the replication of course is insufficient.

The defendant is entitled to judgment on the demurrer, with leave to the plaintiffs to amend on payment of costs.