GEORGE D. GORDON, appellant, *vs.* JONATHAN FREEMAN, surviving partner of G. A. Koblitz.

*Appeal from Alexander.*

If the legal or equitable interests in partnership effects have been transferred to an assignee, a debtor who should pay a debt to either of the partners, after notice of the assignment, would be liable to pay again to assignee.

After a dissolution of a partnership, either party may receive a debt due the firm, notwithstanding an agreement between the partners, of which the debtor has notice, that one of their number, or a third person, shall alone collect and pay the debts.

This was an action of debt on account &c.; pleas *nil debet* and payment.   The cause came on to be heard at May term, 1848, before Denning, Judge, and a jury.   Verdict and judgment for plaintiff for $175 40.   Motion for a new trial denied, and defendant Gordon appealed.

Plaintiff below proved his account filed, being for goods, wares and merchandize.

The defendant introduced the following receipt: "Received of George D. Gordon, the sum of one hundred and eighty-five dollars, in full of all accounts, Cairo, June 10th, 1847.   G. A. Koblitz, for G. A. Koblitz & Co.;" which was read to the jury.

Evidence was adduced to show that defendant, Gordon, had notice of the authority given to Freeman to collect the debts of the firm of Koblitz and company.

W. B. SCATES, for appellant.

D. J. BAKER, for appellee.

Opinion by Mr. Justice TRUMBULL:

Koblitz & Freeman, who had been partners in trade, under the name of G. A. Koblitz & Co., dissolved, and by a written

assignment placed their effects in the hands of a third person, for the purpose of collecting and paying their debts. Subsequently, the assignee resigned the trust, and by consent of Koblitz placed the effects of the firm in the hands of Freeman, the other partner, who was verbally authorized to act in the place of the first assignee, and collect and pay the debts. After this arrangement, of which Gordon, who owed the firm an account, had notice, he obtained from Koblitz, in the name of the firm, a receipt in full of all demands. Freeman, in the name of the firm and as surviving partner, prosecuted this suit against Gordon upon the account, which Koblitz had previously receipted, and in the Circuit Court recovered judgment. Gordon, under the plea of payment, gave in evidence the receipt which he had obtained from Koblitz, in the name of the firm, notwithstanding which the jury found against him, and the Court refused to set aside the verdict, which is the error complained of.

Assuming that Gordon paid the account to Koblitz, as the receipt states, and there is nothing in the record to show any collusion, or that he did not, can he be made to pay it again to Freeman, who had been authorized to collect and pay the debts of the firm? This will depend upon the fact whether the partners by the assignment transferred any interest in the partnership effects to the assignee, or whether they simply clothed him with authority as their agent to collect and pay the debts of the concern. There is nothing in the record to show that the assignee had any interest in the effects transferred. All that appears is, "that the firm of G. A. Koblitz & Co. assigned to him all partnership effects of the said company, and dissolved partnership, for the purpose of paying the debts of the firm and collecting the debts due the firm."

The written assignment is not set out in the record, and the statement of its contents, as given, shows that the assignee was a mere agent to collect and pay debts. The manner in which the assignee resigned his trust, by simply handing over the partnership effects to one of the partners, would seem to indicate that he had no interest in them; and the fact that he may have been styled an assignee, would not give him any interest if he was clothed with a bare authority to collect and pay debts. Such an authority would be revocable at any time, and either partner would be at liberty to receive debts due the firm, al-

though they might have authorized another to do it for them. It would be otherwise, if it appeared that the legal or equitable interest in the partnership effects had been transferred to the assignee; in that event, a debtor who should pay a debt to either of the partners after notice would be liable to pay again to the assignee; but the rule seems to be well settled by the authorities, that after a dissolution of a partnership either partner may receive a debt due the firm, notwithstanding an agreement between the partners, of which the debtor has notice, that one of their number, or a third person, shall alone collect and pay the debts. Collyer on Partnership, section 638; Bristow *vs.* Taylor, 2 Starkie's Rep., 50; Napier *vs.* McLeod, 9 Wend., 120.

Judgment reversed, and cause remanded for a new trial.

*Judgment reversed.*