Trumbull, J. Upon the voluntary dissolution of a partnership, each of the partners, in the absence of any agreement to the contrary, retains the right to collect debts due the firm, and give discharges therefor. Story on Partnership, §328. Hawkes had, therefore, just as much right to receive the money from Major, and give the receipt of the firm, as either of the other partners, and the receipt, if honestly obtained, was a defence to the further prosecution of the action. The fact, that Major first made an attempt to settle the account by giving Hawkes credit upon a claim which he had against him individually, did not prevent him from afterwards paying the money to Hawkes, when he ascertained that the other partners would not assent to the first arrangement. Major was not responsible for the application which Hawkes made of the money, so that he paid it in good faith, nor does the insolvency of Hawkes, at the time, alter the case. The "record shows, that he was known by the other partners to have been insolvent when the partnership was formed. They were willing to trust him, notwithstanding, and by becoming his partners, gave to him the same right to receive the debts, that should become due the firm which either of them should possess. It is true, that without the assent of his co-partners, he had no right to apply partnership effects in discharge of his individual indebtedness, and a creditor of his, knowingly receiving such effects in discharge, would be responsible for the same to the firm». « To deprive' Major of the benefit of the payment made to Hawkes, it was incumbent upon the plaintiffs below, to show that it was not made in good faith. It has been suggested by counsel, that the money was returned to Major, after being paid over, but there is no evidence in the case to justify such a presumption. The witness to the receipt, testifies that the money was paid over to Hawkes in his presence, and this is all the evidence in the record about the money. For aught that appears, Hawkes may have accounted with his co-partners for the money received from Major, but whether he has or not, is quite immaterial to Major, provided he honestly paid the money, and has in no way aided or abetted in the misapplication of it. There would be no safety in paying a partnership debt to a single member of a firm, if the debtor was bound to see that the money was properly applied by the partner receiving it. The judgment of the Circuit Court is reversed and the cause remanded. ' Judgment reversed.