(Decided at the October Term, 1854.)

---

## ISAAC R. MITCHELL *vs.* JAMES FAY.

Plaintiff brought his action in his own name, omitting to join his partners, and defendant moved a non-suit, which was refused. Verdict for the plaintiff. The defendant moved to set aside the verdict, which the court refused to do, as it appeared that substantial justice had been done notwithstanding the mistake in not granting the non-suit, and ordered judgment to be entered for the plaintiff, on certain conditions.

CHIEF JUSTICE LEE:

This was an action brought to recover the sum of $649 14 for goods wares and merchandise sold to the defendant. A copy of the account annexed to the plaintiff's petition shows that the goods were sold to defendant not by the plaintiff, but by Mitchell & Co., and upon a trial of the cause before JUDGE ANDREWS, the same facts appeared in evidence. Whereupon the counsel for the defendant moved the court to non-suit the plaintiff, on the ground that the action was brought in the name of one only of the partners of the firm of Mitchell & Co., when all the members of that firm should have been joined as plaintiffs in the suit. The court refused to grant the motion, when the defendant proceeded to give evidence of a set-off, and the jury found a balance due the plaintiff of $94 69. The defendant's counsel took exception to the ruling of the court in refusing to grant the non-suit; and upon this exception, now moves that the verdict be set aside.

It is a general rule of practice too well established to admit of controversy, that in the case of partners, all the members of the firm who were partners at the time of the contract should be joined as plaintiffs, in an action on that contract. The reason given is, that where the interest is joint, if several were to bring actions for one

and the same cause, the court would be in doubt for which of them to give judgment. (See Story on Partnership, § 241; Collyer on Partnership, § 649; 1st Chitty on Pleading, pp. 9, 11.) There are exceptions however to this general rule, as in the case of dormant partners, and those who are merely nominal; but it is quite unnecessary for me to cite those exceptions as they do not arise in this case.

The mistake of omitting to join the other member of the firm of Mitchell & Co. as a plaintiff in the action, was undoubtedly a fatal one; but it is urged by the plaintiff's counsel that if the defendant intended to avail himself of this error, he should have demurred to the action in the outset, and saved the plaintiff the costs of the trial; and that his neglect to do so should be considered as a waiver of his objection. There is much force in this position, and to a certain degree I think it sound. Where the omission to join all the members of the firm as plaintiffs, appears on the face of the pleadings, as in this case, it is the duty of the defendant to demur at once, that the plaintiff may amend and be saved the costs of a trial. Where the error of non-rejoinder is plain and palpable on the face of the papers with which the defendant is served, and the defendant fails to call the attention of the plaintiff to his error by a demurrer, but allows him to go on and incur costs in the trial, it is but fair to hold him responsible for those costs up to the time when he makes those objections known. It is true the defendant may avail himself of the error on demurrer, or as a ground of nonsuit on the trial, or on a motion in arrest of judgment, but in order to obtain full costs he must *demur*, when good and plain grounds for it exist on the face of the pleadings.

I am clearly of the opinion that the nonsuit should have been granted; but as there was no rule of practice then established by the court on this point, and as my brethren are of the opinion that by allowing the defendant the full benefit of set-off, not only as against the plaintiff alone, but against Mitchell & Co., (by which he reduced the claim from $649 14 to $94 69,) full and substantial justice has been done between the parties, we shall not hold the plaintiff to the strict rule of the law. The objection raised does not really affect the merits of the case, so far as the amount found due is concerned, for the defendant admits that he owes the plaintiff $72, but the great question is one of costs.

My brethren are of the opinion, in which I fully concur, that the cause of justice will be best promoted, not by driving the parties to the expense of a new trial, but by ordering judgment for the plaintiff to be entered for the amount of the verdict, $94 69, and the plaintiff to pay all costs, including those of this motion, except those incurred between the service of a copy of the petition and account upon the defendant and his motion for a nonsuit.

Judgment accordingly.

Mr. Montgomery for plaintiff.

Mr. Blair for defendant.