Huntington *v.* Potter.

Judgment affirmed.

[MONROE GENERAL TERM, September 3, 1860. *Smith, Johnson* and *Knox,* Justices.]

————•●•————

## HUNTINGTON *vs.* POTTER and others.

It is well settled that each member of a partnership, after dissolution, has the same right and authority to collect, compound and release the debts of the firm, existing at the time of such dissolution, that he had before.

As the law gives to any debtor of a partnership the right to settle with either member of the firm and take a release, after dissolution, it will not impute bad faith to such debtor, in making such settlement, from the fact that he had knowledge of the dissolution.

Notice of the dissolution, merely, is not enough to put the debtor upon inquiry in respect to a previous assignment of his debt by his creditors.

Where a debtor of a partnership, after dissolution of the firm and with notice thereof, settles with one of the partners and takes a discharge, valid in law as between them, without any notice of a previous assignment of the debt against him, to a third person, by the partnership, the discharge is conclusive upon the assignee.

As a general and well established rule, the assignee of a demand is not protected against the subsequent dealings of his assignor, with the debtor, where the latter acts in good faith.

APPEAL from a judgment entered upon the report of a referee. The plaintiff, in his complaint, alleged that the firm of J. L. Greenman & Co., which is composed of J. L. Greenman and Joseph S. Potter, on the 6th day of October, 1858, assigned to him certain claims which said firm had against Jerome B. Fellows and others. That said Potter, one of said firm, after a dissolution of their partnership and on the 23d day of December, 1858, compromised and settled the said claims with Fellows, and released him therefrom. The avails of said compromise were transferred to Caleb N. Potter, a creditor of the firm of J. L. Greenman & Co. The plaintiff prayed that the settlement or compromise between Fellows and Potter, and the written stipulations and releases accompanying the same and all counterparts thereof, and the rules and orders entered in certain actions thereon or by virtue thereof, be vacated, set aside, annulled, canceled and discharged and held for nothing, and that said settlement and compromise be entirely rescinded, and the plaintiff restored to his original rights, &c. The referee found the following facts: 1st. That on and previous to October 5th, 1858, the defendants Greenman & Joseph S. Potter were partners in trade in the city of Syracuse, in the business of storage and forwarding, under the name and style of J. L. Greenman & Co., and that on said day the plaintiff was an accommodation indorser, liable as such, for about the sum of $5000. 2d. That on the day aforesaid the firm of L. A. Phillips & Co. of the city of New York were indebted to J. L. Greenman & Co. in the sum of about $5000, of which firm the said J. L. Greenman & Co. claimed that the defendant Jerome B. Fellows was a partner, and suits were then pending in favor of said Greenman & Potter against said Fellows and the other members of the firm of L. A. Phillips & Co. 3d. On the said 6th day of October said Greenman,

in the name of J. L. Greenman & Co., executed and delivered to the plaintiff, for the purpose of securing and indemnifying him against his indorsements, an assignment of the demands in suit against the said L. A. Phillips & Co., the said Potter assenting to the assignment. 4th. That on the 9th day of October, 1858, the said partnership between Greenman and J. S. Potter was dissolved by mutual stipulations in writing, and notice of such dissolution was duly published in the Onondaga Standard, printed in the city of Syracuse; the first publication being on the 16th day of October, 1858. 5th. On the 23d day of December, Joseph S. Potter, by an arrangement between him and Fellows, and without the knowledge or consent of the plaintiff or J. L. Greenman, compromised the said demands so far as the individual liability of said Fellows was concerned, and upon such compromise executed the stipulations and releases in writing set forth in the complaint; receiving on such compromise a check for $100 and two notes of $450 each, signed by James H. Leeds and indorsed by Fellows, which the defendant J. S. Potter soon afterwards paid over to the defendant Caleb N. Potter upon an indebtedness due from the firm of J. L. Greenman & Co. to the said C. N. Potter, and the said C. N. Potter still holds said notes. 6th. Soon after the execution of said releases and stipulation the orders of discontinuance were entered, copies of which were set out in the complaint. 7th. The said Fellows had at the time of the said settlement notice of the dissolution of said partnership, but had no notice of the assignment of the demands to the plaintiffs. And the referee, as conclusions of law, found: 1st. That the assignment to the plaintiff was a valid assignment, and transferred to him the said demands. 2d. That after such transfer J. S. Potter had no right to settle or compromise the demands, and that Fellows knowing of the dissolution could not be deemed to have acted in good faith. 3d. That the plaintiff was therefore entitled to judgment, setting aside and cancelling such settle-

ments and compromises and all proceedings based thereupon, with costs against the defendants J. S. Potter and Fellows.

From the decision entered on this report, the defendants J. S. Potter and Fellows appealed.

*Wm. V. Bruyn,* for the appellant J. S. Potter.

*Sheldon & Brown,* for Fellows.

*Gardner & Burdick,* for the respondent.

*By the Court,* JOHNSON, J. I am unable to see how the conclusion of law, that the defendant Fellows "cannot be deemed to have acted in good faith," in settling the demand with Potter and taking a release, can be sustained, upon the facts found by the referee. The fact is distinctly found that at the time of such settlement and release, Fellows had no knowledge of the assignment to the plaintiff. It is found that he knew of the dissolution of the partnership to which the demand was originally due; and from this fact, as plainly appears from the report, the referee held that such legal conclusion followed. In this, however, the referee was clearly mistaken. It is well settled upon abundant authority, that each member of a partnership, after dissolution, has the same right and authority to collect, compound and release the debts of the firm, existing at the time of such dissolution, that he had before. (*King* v. *Smith,* 4 *C. & P.* 106. 19 *E. C. L.* 299. 3 *Kent's Com.* 48, 49. *Salmon* v. *Davis,* 4 *Binn.* 375. *Murray* v. *Mumford,* 6 *Cowen,* 441. *Napier* v. *McLeod,* 9 *Wend.* 120.)

The power to create obligations against the firm, by one member, ceases with the dissolution, as between the partners themselves, and as respects all persons who have notice of the dissolution, or who have had no dealings with the partnership previously. But such dissolution does not affect the authority of each partner to receive debts, and to discharge

existing obligations in favor of the partnership, while any thing remains to be done in winding up all its affairs. For this purpose the partnership, and all the powers of each partner during its existence, are deemed to continue after dissolution. (*Van Keuren* v. *Parmelee,* 2 *Comst.* 523. *Story on Part.* § 115.)

As the law gives any debtors of a partnership the right to settle with either member of the firm and take a release after dissolution, the same as before, surely it will not impute bad faith to such debtor in making such settlement, from the fact that he had knowledge of the dissolution. Neither the fact of the dissolution nor the debtor's knowledge of it is a circumstance which affects, in the least, his right thus to settle and take his release. The presumption is, that every man acts in good faith in exercising a right which the law secures to him, until the contrary is proved. Notice of the dissolution, merely, was not enough to put Fellows upon inquiry in respect to a previous assignment of his debt by his creditors. It was a fact which had no legitimate bearing upon the question of assignment, and did not in legal contemplation lead to any such inquiry.

In the case of *Gram* v. *Cadwell,* (5 *Cowen,* 489,) the debtor released had notice of the agreement, which operated as an assignment of the partnership effects to the other partner; and this notice distinguishes the case, in this aspect, from that of *Napier* v. *McLeod, supra.*

The case at bar, upon the facts as found by the referee, presents the naked case of a debtor settling with his creditors and taking a discharge, valid in law as between them, without any notice of the plaintiff's prior rights. It seems to me, upon well settled principles, the discharge is conclusive upon the plaintiff. As a general and well established rule, the assignee of a demand is not protected against the subsequent dealings of his assignor with the debtor, where the latter acts in good faith. This proposition does not need fortifying, at this day, by the citation of authority. Indeed the referee

virtually so held. The error into which he fell, manifestly was, in supposing that a settlement and release, between a debtor and a member of a firm after dissolution, stood upon grounds somewhat different, as respects a prior assignee of the firm, from a settlement and release before dissolution, though after assignment.

But, as the law makes no difference in this respect, the plaintiff must be held to stand like any other assignee whose rights have been defeated by the dealings of the assignors, with a debtor who has no notice of the assignment.

The judgment must therefore be reversed and a new trial granted, with costs to abide the event.

[MONROE GENERAL TERM, September 3, 1860. *Smith, Knox* and *Johnson*, Justices.]