Lynch *v.* Johnson.

[NEW YORK GENERAL TERM, April 2, 1866. *Geo. G. Barnard, Clerke* and *Sutherland,* Justices.]

* ○ *

## LYNCH *vs.* JOHNSON.

It is not necessary that an order, made in supplementary proceedings, directing a third person to pay to the plaintiff the amount of such third person's indebtedness to the judgment debtor, should be served on the latter.

If a judgment debtor has notice of an order made by a judge, requiring a debtor of his to appear and be examined as to his indebtedness to the defendant, an assignment of the debt, subsequently made by the judgment debtor, to a third person, will not relieve the claim from an order directing the payment of the same to the judgment creditor.

But in the absence of any proof of notice, or of service on the parties of any order restraining the payment of the money, or transfer of the claim, the assignee, if a *bona fide* holder for value, should be protected. If, however, the assignment was made for the purpose of defrauding the judgment creditor, the assignee will have no title.

Where the evidence as to the *bona fides* of the assignment is very doubtful, the question should be submitted to the jury.

THE plaintiff, under an assignment from Acker, sued the defendant to recover moneys due from him to Acker. The defense was, that previous to the assignment, Thomas and William Ryer recovered a judgment against Acker, and that, on the 4th of March, 1863, an order was served on Johnson requiring him to appear and be examined as to his indebtedness to Acker, and that on the 16th of March an

order was obtained directing Johnson to pay to the said T. & W. Ryer the amount of his indebtedness to Acker, to be credited on the judgment against Acker. Acker assigned the claim to the plaintiff after the first order, and before the notice of the order had been served on him. The judge charged the jury that if the assignment by Acker was executed before he was served with notice of the order of March 4, 1863, requiring Johnson to appear and be examined, the plaintiff was entitled to recover; and the jury rendered a judgment for the plaintiff. From the judgment entered on the verdict the defendant appealed.

*Jno. E. Parsons*, for the appellant.

*P. J. Joachimssen*, for the respondent.

*By the Court*, INGRAHAM, J.   It was not necessary that any order should have been served on Acker, in the proceeding against Johnson.   The 294th section of the Code says: "The judge may, in his discretion, require notice to be given to any party in such manner as may seem to him proper." (*Ward* v. *Beebe*, 17 *Abb. Pr. Rep.* 1.   15 *id.* 373.)

The question in this case then is, whether the order of the judge to pay the amount due the assignor, to his creditor, can be defeated by an assignment of the claim, made by the defendant in the execution, before notice to him of the proceeding but after service of the order on Johnson, the debtor.

In *Corning* v. *The Glenville Woolen Company*, (14 *Abb. Pr. Rep.* 339,) it was held that where a stranger obtained a valid lien, it could not be divested by these proceedings supplementary to execution.   In *Gibson* v. *Haggerty*, (15 *Abb. Pr. Rep.* 406,) the general term in this district held that the title of the assignee could not be divested by proceedings between others, of which the plaintiff had no notice; and that no one could be deprived of his property without due process of law.   There is no doubt that the debtor, Johnson,

might; before the assignment, have paid this debt to the sheriff; on the execution, without examination; (*Code*, § 293 ;) or that an order might have been made in the first instance, restraining Johnson from paying it over to any one, and restraining Acker from transferring it ; but if without such an order the debt is assigned in good faith; it is difficult to see how the assignee is affected by a mere order for the examination of the debtor. This is undoubtedly so where the assignment. is executed before any lien has attached to the claim in behalf of a third person.

There can be no doubt as to the rule that an assignee of a claim takes it subject to all equities existing between the assignor and other parties. And it seems to be conceded by the plaintiff's counsel, that if Acker had notice of the order of the 4th March, his subsequent assignment would not relieve the claim from the subsequent order directing the payment to T. & W. Ryer. (*Huntington* v. *Potter*, 32 *Barb*. 300. *Bush* v. *Lathrop*; 22 *N. Y. Rep*. 535.) There is, however, no proof of any such notice. I am of the opinion that without any such proof of notice; and without any service on the parties of any orders restraining the payment of the money or transfer of the claim, the assignee, if a *bona fide* holder for value, should be protected. (*Becker* v. *Torrance*; 31 *N. Y. Rep*. 631.) The evidence, however, in this case; of the *bona fides* of the assignment, is very doubtful. The interview between Acker and his counsel, in which Acker is advised to assign the claim to collect it; the omission to give any notice to Johnson ; the consideration of one dollar; in the assignment; and the evident transfer of the claim to the plaintiff, who was the brother-in-law of the assignee; without any interview with him, all tend to show there was no consideration for the asignment of the claim. The omission to state the assignment when Acker and his counsel were before the judge, and the attempt to set up as a consideration some indebtedness to Lynch, strengthen the conviction that this plan was

arranged to defeat the order directing the payment to the creditor of Acker.

The judge at the trial, however, charged the jury that the plaintiff was entitled to recover if the assignment was executed before the service of the order on Acker, without regard to its validity. I think this question should have been submitted to the jury. The plaintiff would have no title if the assignment was made to defraud T. & W. Ryer.

Judgment reversed, and a new trial ordered; costs to abide the event.

[New York General Term, April 2, 1866. *Sutherland, Geo. G. Barnard* and *Ingraham,* Justices.]