## LOCKE *v.* MABBETT.

June, 1866.

One against whom an absolute order is made, in supplementary proceedings between third persons, requiring him to pay over to the creditor, a fund held for the debtor, may maintain an appeal therefrom.

Income of real and personal property held in trust for a debtor, and for his benefit, arising out of a fund proceeding from a third person, designed to secure to the debtor personally a support, cannot be reached or taken by a judgment creditor, by means of supplementary proceedings.[*]

A third person cannot be ordered to pay over property of the debtor, under section 297 of the Code, unless it be clearly established that he holds such property. If this be disputed, the proper course is to appoint a receiver.

Supplementary proceedings, under the Code, were instituted in the supreme court, against Truman G. Mabbett, upon an affidavit made by Isaac Mott, as attorney for Ira Locke, setting forth the recovery of a judgment in favor of Ira Locke, against Truman G. Mabbett and Joseph M. Mabbett, for about the sum of one thousand six hundred and twenty dollars, on April 25, 1863; that said judgment was duly docketed and execution issued thereon, and returned wholly unsatisfied; that, on May 20, 1862, one Caroline Mabbett, wife of said Truman G. Mabbett, had died, leaving a large amount of real and personal property; that said Caroline Mabbett left a last will and testament, and therein named and appointed one Catharine M. Williams, sole executrix; that said will had been duly proven and letters testamentary thereon issued to said Catharine M. Williams, who had taken possession of said real and personal estate belonging to said testatrix; that, in and by said will, a large amount of property, real and personal, was bequeathed and devised to the said Catharine M. Williams, in trust for said defendant, Truman G. Mabbett, the avails or income thereof to be paid to the said Truman G. Mabbett, by the said Catharine M. Williams, annually; and that the avails or income thereof remaining at the time of such application, in the hands of said Catharine M. Williams, amounted to the sum of two thousand dollars or more, as deponent believes from information derived from said Mabbett and others.

Thereupon, the justice to whom such application was made, issued his warrant, directing the said Truman G. Mabbett to appear and answer before a referee, appointed by him, concerning such property; and he further ordered, that said Mabbett and said Catharine M. Williams should be restrained from sell-

[*] Compare Rome Exch. Bank *v.* Eames, reported in this series.

ing, assigning, or in any manner interfering with the property of said Mabbett, until the further order of the court.

The referee, to whom the said matter was referred, proceeded to the examination of said Mabbett, and also examined as a witness said Catharine M. Williams and other witnesses. It appeared that Caroline Mabbett, at the time of her death, was possessed of some real estate and of personal property, consisting mainly of a stock of goods; and after directing, by her last will and testament, the payment of her just debts, and a legacy of two thousand dollars to her sister, the said Catharine M. Williams, and certain specific dispositions of personal property; she gave all the rest, residue and remainder of her estate, both real and personal, to said Catharine M. Williams, *in trust,* "the income thereof to be used and applied, by my said sister, for the support and maintenance of my husband, Truman G. Mabbett, during his natural life, and upon his death, the principal of such trust fund to be given to my said husband's next of kin, according to the law of distribution." A large amount of testimony was taken by the referee, who reported the same to the officer who issued the order, which showed, that, in and previous to the year 1857, Mabbett was a merchant, doing business, and that in the fall of that year he failed; that his stock of goods and real estate were bought at public sale by his father-in-law, and given to Mabbett's wife *bona fide;* that she continued the mercantile business, in the name of her husband as agent, to May 10, 1862, on which day she died; that she left a will of the tenor and purport already stated; that after her death, the business was continued by said Catharine M. Williams, who was sole executrix of the will, and wholly managed and conducted by Mabbett, as her agent, and when the order in this proceeding was served, he had possession, in that character, of the assets of the estate.

Much evidence was produced on the examination, for the purpose of endeavoring to ascertain the principal of the trust fund, the income thereof, and the amount expended towards Mabbett's support. Upon the coming in of this testimony to the judge making the order, he made a further order, declaring that it appeared, from such examination, that certain property belonging to said defendant Mabbett, not exempt from execution, to

Locke *v.* Mabbett.

wit, the sum of two thousand seven hundred and four dollars and sixty cents, being the income and increase of said trust property since the death of said testatrix, over and above what was necessary for the support and maintenance of defendant Truman G. Mabbett, was then in the hands of the said Catharine M. Williams, as trustee of the said Truman G. Mabbett, and in the hands of the said Truman G. Mabbett, as her agent. He therefore ordered that the sum of one thousand seven hundred and seventy-five dollars and thirty-four cents, being the amount of the judgment of the plaintiff therein, unpaid, and the costs of the proceedings, out of said sum of two thousand seven hundred and four dollars and sixty cents, be applied to the satisfaction of the judgment in this action, by the said Catharine M. Williams and the said Truman G. Mabbett, within ten days of the service of a copy of said order.

From this order, Mabbett and the executrix appealed to the general term, where the same was affirmed, and they now appeal to this court.

*U. G. Paris,* for Mabbett, appellant ;—Insisted that the order did not bind the executrix, and therefore could not bind Mabbett, her agent; and that the order was not proper, there being a dispute as to the title. Teller *v.* Randall, 40 *Barb.* 242 ; Rodman *v.* Henry, 17 *N. Y.* 482 ; People *v.* King, 9 *How. Pr.* 100 ; Sherwood *v.* Buffalo, &c. R. R., 12 *How. Pr.* 136.

*Isaac J. Davis,* for Catharine M. Williams, appellant;—Cited also, Corning *v.* Tooker, 5 *How. Pr.* 16, and insisted that the surplus could not be reached thus—citing Clute *v.* Bool, 8 *Paige,* 83 ; and that Miss Williams, though not strictly a party, could appeal, and was not bound to await proceedings for contempt.

*Isaac Mott,* for the plaintiff, respondent ;—Insisted that as the executrix neither claimed an interest nor denied the debt, the case was not one for a review, within section 298.

BY THE COURT.—DAVIES, Ch. J. [After stating the facts above.]—It is objected that the executrix cannot properly ap-

peal from this order, as she is not a party to the proceedings before the officer who made the order transferring the money claimed to be in her hands, belonging to the judgment debtor. If the order is obligatory upon her, it is difficult to perceive why she is not a party to the proceeding, and why she should not be heard in all courts, to contest its lawfulness. An absolute order has been made on her or her agent, to pay over to the plaintiff in a judgment a certain sum of money. She is compelled by the terms of the order to make the payment, whether or not she has any moneys of the judgment debtor in her hands or under her control. The order is absolute, and compliance can be enforced against her by process to punish her as for a contempt. I am clearly of the opinion, therefore, that she can be heard in opposition to the order.

It may be regarded as very doubtful, since the decision of this court, in Graff *v.* Bonnett, 31 *N. Y.* 9, whether property held in trust for the debtor, and for his benefit, may be reached through the agency of a court of equity, and applied to the satisfaction of his debts; but there can be no doubt, if we are prepared to sanction the doctrine of the opinion in that case, that property held in trust for him upon a trust, or arising out of a fund, proceeding from a third person, designed to secure to the debtor personally a support, cannot be so reached or taken by a judgment creditor. In the present case, the moneys sought to be reached and applied to the satisfaction of the judgment against Mabbett are the incomes of real and personal property held in trust, proceeding from a third person, and which income was to be applied by the trustee to the support of the *cestui que trust.* The present case, therefore, falls directly within the principle of that case, and if it had been decided upon that point, it would have been conclusive authority for the position, that the income of the fund held by this trustee could not be appropriated for the payment of the debts of the *cestui que trust.*

But this court did decide in that case, that if the income could be reached at all, it was only such surplus thereof, as might remain after setting aside sufficient thereof, for the support and maintenance of the beneficiary, and that this could only be done through the instrumentality of a court of equity.

Locke *v.* Mabbett.

The learned judge who delivered the prevailing opinion of this court, in Graff *v.* Bonnett, said that nothing could be reached even by a receiver, unless there should be a surplus over and above the inalienable right of a judgment debtor to a support, and this surplus, it has been held, is not properly ascertainable under supplementary proceedings to discover and appropriate the debtor's property to the satisfaction of the judgment, but only in a suit or proceeding, where the issue is directly made upon the amount necessary for a debtor's support, and to which the trustees and *cestui que trust* are parties." This is decisive of the present proceeding, and must lead to a reversal of the orders made, and to a dismissal of the application.

The present case affords an illustration of the soundness and propriety of the rule laid down in Graff *v.* Bonnett. There is a controversy, whether, in fact, any surplus exists. The person holding the fund does not admit the existence of any such surplus, and the provisions of section 297 of the Code of Procedure were never intended to be applicable, except to a case where the party admitted, or it was most clearly established, that the party upon whom the order was to be made, had in his hands property of the judgment debtor, or was indebted to him. These facts were not established on the present investigation, and, therefore, the order made was improvidently granted. A receiver should have been appointed, under section 298 of the Code, and an application should have been made to the court for leave to institute an action against the trustee and *cestui que trust*, to ascertain if there was any surplus of income over and above what was necessary for the support and maintenance of the *cestui que trust*. The fact of any surplus could only be ascertained upon an accounting, and whether, if any existed, it could be so applied, would depend upon the facts developed, and the principles of equity applicable thereto. If the reasoning and views of the leading opinion in Graff *v.* Bonnett are sound, it would follow, that as the trust fund proceeded from a third person, the income of it, being designed to secure to the debtor, personally, a support, could not be sequestered for the payment of his debts.

Without, however, definitely passing upon this point, we are

clearly of the opinion that the orders appealed from must be reversed, and the proceedings dismissed, with costs.

All the judges concurred.

Orders reversed, and proceedings dismissed, with costs.