[Decided February 23, 1897.]

## RIGGEN *v.* INVESTMENT COMPANY.

(47 Pac. 923.)

EFFECT OF DISSOLUTION OF PARTNERSHIP.— The dissolution of a partnership by the mutual consent of all its members does not destroy the firm's identity, which, in contemplation of law, continues until its debts are paid and its affairs wound up.

POWERS OF PARTNERS AFTER DISSOLUTION.—Each partner, after the voluntary dissolution of the firm, has the same power to collect debts due the firm, unless he has assigned his interest therein, that is possessed by a partner in the ordinary course of the partnership business.

DISSOLUTION OF PARTNERSHIP — ASSIGNMENT OF INTEREST BY RETIRING PARTNER.— A dissolution agreement contained an assignment by the retiring partner to the other of all his interest in the business, and provided that each partner was to pay one-half the firm debts, and that the continuing partner should collect money due, and pay the retiring member one-half thereof.   *Held* not an assignment by the retiring partner of his interest in commissions earned by the firm before dissolution.

Use of Firm Name by Retiring Partner— Estoppel.— A retiring partner who agreed that the other member of the firm should have the sole right to settle the partnership business and use the firm name was not thereby estopped from suing in the firm name to recover a firm debt; for no interest in the partnership property was thereby transferred, but only an agency, and the power that created that relation was equally competent to destroy it.

From Multnomah: E. D. Shattuck, Judge.

Action by S. B. Riggen and another against the Investment Company. From a judgment dismissing the action on the pleadings, plaintiffs appeal.

Reversed.

For appellants there was a brief over the name of *George, Gregory & Duniway*, with an oral argument by *Mr. Ralph R. Duniway*.

For respondent there was a brief over the name of *Williams, Wood & Linthicum*, with an oral argument by *Mr. George H. Williams*.

Opinion by Mr. Chief Justice Moore.

This is an action by S. B. Riggen and F. B. Holbrook against the Investment Company, a corporation, to recover compensation for services in negotiating sales of real property. The plaintiffs allege that on October 7, 1890, they were partners in business as real estate brokers, and on that day entered into a contract with the defendant by the terms of which they agreed to sell, if possible, all the lots and blocks in Irvington Park, Multnomah County, belonging to the defendant, and for such sales as they could make the defendant promised to pay them all sums realized

thereon above the rate of $800, net, per acre; that on October 17, 1891, the partnership was dissolved, Riggen retiring therefrom and Holbrook continuing the business, but each partner retained his interest in all commissions theretofore earned by the firm; that prior to such dissolution they, in pursuance of the terms of the agreement, sold to one F. R. Musser two lots in said tract for $250, and the purchaser, having paid that amount to the defendant, obtained its deed for the premises; that under said contract plaintiffs were entitled to $169.10, as commissions on account of such sale, but the defendant paid thereon $95 only, leaving $74.10 still due them. The complaint contains nine other similar but separate causes of action, and a prayer for judgment for the sum of $2,277. The defendant, answering specially, in the nature of plea in bar, alleges that Riggen, in the agreement of dissolution, assigned all his interest in the business of the firm to Holbrook, and gave the latter the sole right to use the name of the firm, to collect all moneys due to it, and to settle up its affairs; that this action had been commenced by Riggen without the authority, consent, or knowledge of Holbrook, and that the former had no right to maintain the same in the name of, or to collect any of the commissions due, the firm. The reply, after admitting that the action was instituted by Riggen in the name of the firm, denies the material allegations of the answer, and also sets out a copy of the contract of dissolution, from which it appears that Riggen assigned to Holbrook all his interest in the business, and agreed that the latter should have the sole right to settle up the affairs of the firm,

and to collect all moneys due it, but on condition that he should immediately render a true account and pay Riggen one-half thereof, free from all charges for such collections. Holbrook was also granted the sole right to use the firm name for one year, and thereafter until ninety days' written notice of the revocation thereof by Riggen, after which neither member of said firm was to use its name. Holbrook agreed to pay Riggen 25 per cent. of the gross profits thereafter derived from the sale of the Irvington property, and each agreed to pay one-half of all debts of the firm, but Riggen was not to be responsible for any indebtedness thereafter incurred. A demurrer to the reply having been sustained, and the plaintiffs declining to plead further, a judgment dismissing the action was given, from which they appeal.

The important question for consideration is whether Riggen, in the contract of dissolution, assigned to Holbrook his interest in the commissions theretofore earned by the firm. The rule seems to be well settled that the dissolution of a partnership by the mutual consent of all its members does not destroy the firm's identity, which, in contemplation of law, continues to exist until its debts are paid and its affairs wound up: *Brown's Executor* v. *Higginbotham*, 27 Am. Dec. 618; *Gannett* v. *Cunningham*, 34 Me. 56. As a corollary from this rule, it necessarily follows that each partner, after the dissolution of the firm of which he is a member, has the same power to collect debts due the firm, unless he has assigned his interest therein, that is possessed by a partner in the ordinary course of the partnership business, (*Major* v. *Hawkes*,

12 Ill. 298; *Gordon* v. *Freeman,* 11 Ill. 14; *Robbins* v.
*Fuller,* 24 N. Y. 570,) and hence all active partners at
the time when a contract is made with the firm should
join in an action for the breach of it: Dicey on Parties,
151; Hawes on Parties, § 88; *Lunt* v. *Stevens,* 24 Me. 354.
In *Gram* v. *Cadwell,* 5 Cow. 489, a partnership having
been dissolved, it was agreed that the retiring member
should receive his capital in ten days, while the re-
maining member was to assume the payment of all
the firm debts.  A debtor of the firm, having notice of
the agreement of dissolution, paid his debt to the retir-
ing partner, and, an action having been thereafter
brought against him by the remaining partner, it was
held that the agreement was a virtual conveyance of
the interests of the retiring member, and, this being
so, a payment to him by one having notice of the
assignment was not a discharge of the firm debt, and
hence not a bar to the action.  In that case the agree-
ment of dissolution having provided that the remain-
ing partner should assume the payment of the firm
debts, and also refund the amount of the retiring part-
ner's capital, necessarily disposed of the latter's inter-
est in the firm, except, possibly, the profits of the bus-
iness, if any, and while the agreement did not, in
terms, provide for the assignment of such interest, the
court, in view of its provisions and of the valuable
consideration paid, may have been justified in con-
cluding that it was tantamount to an assignment.  In
the case at bar, however, each partner was to pay one-
half the firm debts, and the retiring partner was to
receive one-half of all moneys due the firm, free from
all charges for collecting the same.  We think it can

not be inferred from the agreement of dissolution that Riggen intended to assign to his partner his interest in the commissions earned by the firm; and that the right of Riggen to maintain this action in the name of the firm is unquestioned, unless he is estopped by his agreement that Holbrook should have the sole right to use the name of the firm.

Each partner is the agent of his copartners, and has implied authority from them to make such contracts as may be necessary or convenient for the successful operation of the partnership business; (Dicey on Parties to Actions, 267;) and hence each partner may occupy the dual character of principal and agent (Ib. 149). Holbrook, as a partner, had equal authority with Riggen to collect all moneys due the firm, and when the right to collect such debts was granted by Riggen no new or superior power was thereby conferred. In *Napier* v. *McLeod*, 9 Wend. 120, a partnership having been dissolved, one of the members was appointed by the others an attorney in fact, irrevocably, to collect the debts due the firm; and, having commenced an action against a debtor for goods sold and delivered, the latter pleaded that he had settled the account with and obtained from one of the members a release of all demands. The plaintiff, replying, set out a copy of the power of attorney, and alleged that the defendant had notice of the appointment; but, a demurer having been interposed thereto, it was held that no interest in the effects of the firm was transferred by the appointment, and, the instrument being the evidence of a mere naked power, the authority creating the agency was competent to destroy it,

notwithstanding the power purported to be irrevocable. To the same effect also see Story on Agency § 476, and *MacGregor* v. *Gardner*, 14 Iowa 326. Under the rule there announced, Riggen did not entirely abandon the right to participate in the liquidation of the partnership business, but might, at his own mere pleasure, resume the authority which he had ostensibly surrendered; and, as no interest in the commissions earned by the firm had been transferred, and as no rights of the defendant or of Holbrook are prejudiced thereby, Riggen is not estopped by his appointment, and Holbrook cannot insist upon acting as sole principal and agent, when his copartner has withdrawn his confidence, and seeks to enforce his strict legal right. Story on Agency § 463. The judgment will therefore be reversed, and the cause remanded for such further proceedings as may be necessary, not inconsistent with this opinion.

REVERSED.