JOAQUIM SILVA, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF J. SILVA & COMPANY, PLAINTIFF, *v.* ANTONIO JOAQUIM DE FREITAS, DEFENDANT, AND PORTUGUESE MUTUAL BENEFIT SOCIETY OF HAWAII, GARNISHEE.

APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

SUBMITTED FEBRUARY 12, 1908. DECIDED FEBRUARY, 28, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

PARTNERSHIP—*action after dissolution.*

After dissolution of a partnership one of the two partners retiring, the remaining partner, in the absence of any settle-

ment of partnership accounts or of an agreement on the sub-
ject, may bring an action in the name of the firm to recover
a partnership debt, but he must join his former partner as
coplaintiff.

PLEADING—*amendment.*

Under R. L. Sec. 1738, the court has no power to add a third
party as plaintiff without the consent of the plaintiff bringing
the action, but upon the sustaining of a plea of nonjoinder of
necessary parties plaintiff the plaintiff should be nonsuited if
not willing to amend.

### OPINION OF THE COURT BY HARTWELL, C.J.

Joaquim Silva, doing business under the firm name and style
of J. Silva & Company, brought an action in the district court
of Honolulu against the defendant Antonio Joaquim de Freitas
to recover the sum of $86.39 with interest and costs on a judg-
ment against the defendant made in that court in favor of the
plaintiff about July 24, 1905, in the sum of $71.74, upon which
judgment only $18.25 had been paid and on a claim of $32.90
balance owing for goods sold and delivered and money lent.
The defendant testified that he owed the money to the plaintiff,
Joaquim Silva and Manuel J. Coito, who had been partners in
the grocery business, but were not then partners. Coito testi-
fied that he and Silva had not yet settled their accounts. The
court admitted Coito as party plaintiff and gave judgment for
the amount claimed "in favor of Joaquim Silva and Manuel J.
Coito doing business as J. Silva & Co." From this judgment
Silva appealed on the grounds (1) that the court erred in allow-
ing A. Perry to interplead for Coito; (2) in admitting the evi-
dence of Coito and Freitas; (3) in holding that the partnership
existing up to May 1, 1906, was not then dissolved; (4) in al-
lowing the pleadings to be amended by making Coito a party
plaintiff; (5) in holding that Coito was still a partner in busi-
ness, and (6) that he had an interest in the claim in said cause
at the time it was brought.

These rulings are not shown by the record to have been made
with the exception of the rulings admitting the evidence of

Coito and Freitas which was clearly admissible, and making Coito a coplaintiff, which was error since a plaintiff cannot be compelled to join others in his suit. At common law new parties plaintiff could not be added by amendment, so the authority of the court rests upon R. L. Sec. 1738 under which the court may allow any proceeding to be amended by adding or striking out the name of any party. This does not warrant the court in adding a party plaintiff without the consent of the plaintiff who has brought the action. To do so would be to change a statute designed merely to prevent failure of justice through technical defects into a statute allowing the intervention of third parties claiming interest. The usual result of sustaining a plea of nonjoinder of necessary parties plaintiff is a nonsuit, and if the plaintiff not only does not ask but does not consent to the addition of the necessary party he should be allowed this alternative. Upon a dissolution of a partnership there is no doubt that a partner who continues to carry on the business has a right to collect in the debts owing to the firm, if the accounts are not settled and there is no agreement on the subject. 1 Story on Partnership, Sec. 328; 1 Lindley on Partnership, Ewell's Ed. 378, N. 4; *Robbins v. Fuller,* 24 N. Y. 570; *Huntington v. Potter,* 32 Barb. 300; *Riddle v. Elting,* 32 Pa. St. 412. But on general principles of pleading the persons who were partners when the debt was incurred must if living be joined as coplaintiffs. *Mitchell v. Fay,* 1 Haw. 147; *Cushing v. Marston,* 12 Cush. 431. It was necessary in order to give judgment for the plaintiff that unless he prefers to take a nonsuit he amend his complaint by joining his former partner under the firm name of J. Silva & Company.

Judgment appealed from vacated, cause remanded with liberty to the plaintiff to amend if he wishes to do so by joining Coito.

*A. G. Correa* for plaintiff.

*A. Perry* for M. J. Coito.