STEPHEN G. ECKER, Plaintiff, *v.* ABRAHAM A. MYER, Defendant.

City Court of the City of New York, April, 1922.

Insurance — right of receiver in supplementary proceedings to compel payment of cash surrender value of policy on debtor's life — practice — mandatory order — Civil Practice Act, § 793.

Where a judgment debtor has the absolute power of direction over a policy of insurance on his life, the cash surrender value of the policy should be considered as in the possession of a mere custodian, *i. e.*, the insurance company, and under section 793 of the Civil Practice Act a mandatory order to compel payment of such cash surrender value to the receiver in supplementary proceedings of the judgment debtor, will be granted upon due and proper application of the judgment creditor.

APPLICATION for mandatory order.

*Eugene Yuells,* for creditor.

*Alexander & Green (Peter C. Man,* of counsel), for Equitable Life Assurance Society of the United States.

LA FETRA, J. Following my opinion in this matter (*Ecker* v. *Myer,* 118 Misc. Rep. 356) two orders have been presented to me for signature, one permissive and the other mandatory. Section 792 of the Civil Practice Act provides for a permissive order and limits the application to one made " before the appointment of a receiver." Here the application is by a creditor to compel an insurance company to pay the cash surrender value of a policy of life insurance to a receiver. The sole question now is, should a mandatory order issue pursuant to the provisions of section 793 of the Civil Practice Act? That section is the same, save for slight changes in the transposition of words and minor ones in punctuation, as was section 2447 of the Code of Civil Procedure. The latter section (adopted and incorporated in the Code of Civil Procedure by Laws of 1880, chap. 178) was a revision of section 297 of the old Code of Procedure (Laws of 1851, chap. 479), originally section 252 (Laws of 1848, chap. 379). It had uniformly been held an order would lie under said section 297 to compel payment by a third party of a debt due to a judgment debtor. *Durand* v. *Hankerson,* 39 N. Y. 287, 296; *Lynch* v. *Johnson,* 48 id. 27, affg. 46 Barb. 56; *Alexander* v. *Richardson,* 30 N. Y. Super. Ct. 63; *People ex rel. Williams* v. *Hulburt,* 5 How. Pr. 446; *Corning* v. *Tooker,* Id. 16; *Locke* v. *Mabbett,* 3 Abb. Ct. App. Dec. 68. Then followed *West Side Bank* v. *Pugsley,* 47 N. Y. 368, 372, 374, where the court in the course of its opinion sought to limit the remedy by confining it to property other than debts and choses in action, whereas the denial by the bank of the indebtedness was sufficient to defeat the order and leave the fund subject to an action at the hands of a receiver. The dicta seems to have been followed by text writers and in *Knights of Pythias* v. *Man. Sav. Inst.,* 12 Misc. Rep. 626, referred to in my former opinion. Such a limited interpretation is not to be given to the present section 793 of the Civil Practice Act. In *Stehli Silks Corp.* v. *Kleinberg,* 200 App. Div. 16, the purpose of the new act is clearly enunciated, from which I quote: " In order to give the Civil Practice Act the effect which its passage was intended to secure, it must be applied in a broad and liberal spirit, and its provisions must not be restricted by a forced and narrow interpretation, based on the language of former sections in the Code of Civil Procedure, which have been totally superseded by the later legislation." Section 793 more carefully defines the remedy than did section 297 of the older Code. Under it the

directory order may issue either where " the judgment debtor has in his possession or under his control money or other personal property belonging to him," or where " one or more articles of personal property capable of delivery, his right to the possession whereof is not substantially disputed," are in the possession of or under the control of another person.   The section refers not only to money in the possession of the debtor, but also to money " under his control," and authorizes a direction to the debtor " or other person " to make immediate payment.   See my opinion in *O'Neil v. Russel*, N. Y. L. J. Oct. 31, 1919.   In so far as proceedings supplementary to execution are concerned the cash surrender value of the life insurance policy should be considered as in the possession of a mere custodian.   The debtor had the absolute power of direction over the fund.   Except for the restraining order he could have collected the amount due or otherwise have disposed of the fund at will.   To now direct payment is but to carry out the purpose of the restraining portion of the order.   The fear expressed in *West Side Bank* v. *Pugsley, supra,* of a revival of the justly condemned remedy of imprisonment for debt is safely guarded in the present enactment, but the power should be exercised with due caution. Where the amount of the indebtedness is disputed or uncertain, or doubt exists as to the ability to make payment, the application should be denied.   In Corpus Juris (vol. 23, p. 867) the rule is stated as follows:   " An order to apply money or property to the satisfaction of the judgment can be made only when it is satisfactorily shown that the debtor or a third person has money or property so applicable or has control of the same, and is able at the time of the order to comply with it."   In *Kenney* v. *South Shore Natural Gas & F. Co.,* 201 N. Y. 89, 92, 93, the court said: " Under section 2447 of the Code of Civil Procedure where it appears from the testimony taken in supplementary proceedings that a person has in his possession or under his control money or other property belonging to the judgment debtor an order may be made directing such person immediately to pay the money or deliver the property to the sheriff or to the receiver in supplementary proceedings in case one has been appointed.   Such an order can be made, however, only when the judgment debtor's right to the possession of the money or property is not substantially disputed.   If there is a real controversy in this respect it cannot be settled in supplementary proceedings, but must await determination in an appropriate action (*Rodman* v. *Henry,* 17 N. Y. 482; *Barnard* v. *Kobbe,* 54 N. Y. 516).   * * *   It has long been a feature of our procedure supplementary to execution that no summary order shall be made therein for the application of

money or property to the payment of the judgment unless the judgment debtor's right to the immediate possession of such money or property is substantially undisputed." The purpose of the section is to reward the diligent creditor, to provide a summary method of applying funds and property towards the satisfaction of judgments and thus to avoid the resort to further action where the title to the property is not substantially disputed. Upon this motion no question arises as to the title to the fund or of the ability of the third party to pay. Mandatory order signed.

Ordered accordingly.