Henry Epstein, J.
This is an action for an accounting by an attorney against his former partners and a client of the latter. ' The first cause of action alleges a conspiracy between defendants, former partners, and Joel, the client, to the damage of plaintiff in an alleged amount of some $16,000. At the close of plaintiff’s case this cause of action was dismissed for want of any credible evidence on which such conclusion might be based. At the close of the entire case the said motion was reconsidered and the dismissal is confirmed. There is not a shred of credible evidence of any such conspiracy. Even if plaintiff himself be given full credence, no such conclusion could be reached. This disposes of the only cause of action against the defendant Joel and as against him the complaint is dismissed.
Plaintiff and defendants Tart and Wald, all members of the Bar of this State, were partners for a short period from about June, 1946 to November, 1947. Prior to the said partnership plaintiff occupied desk space with defendants Tart and Wald and after the partnership had been dissolved, continued to occupy office accommodations with the same defendants. In substance the entire proof offered at the trial resolves itself *683 into the dispute over the fee received from the client Joel and the manner in which said fee was fixed, paid and disbursed among the partners. The second through fifth causes of action call for an accounting but no proof of any kind was presented except with relation to the Joel matter. The answer consists of a general denial and a defense of accord and satisfaction which this court finds fully supported by the oral and written evidence.
When the law partnership was dissolved, it was done by a writen agreement annexed to the complaint. Paragraph “ 4 ” of that agreement gave Tart and Wald “ exclusive control and management of all of the former partnership matters ” including final disposition ‘ ‘ by settlement or litigation, in such manner as they in their sole judgment may deem proper”. Plaintiff bases his entire case on the following sentence and its applicability to the Joel settlement of claims in Germany: “ Should Tart and Wald hereafter employ of counsel ’ in any of the matters listed in the schedules, it is agreed that the fee paid to such of counsel ’ shall not be charged against Norton’s interest.”
Since the entire case is based on the Joel matter, that must be briefly stated. Joel was a client of Tart in 1946 and there was through Tart a claim lodged in Germany for reimbursement to Joel for his business assets which had been confiscated by the Nazi government. Joel escaped and is now an American citizen. The original retainer of Tart by Joel was for 50% of any recovery. After the partnership dissolution, and as a result of Joel’s protest against what was deemed an outrageous contingent fee, Tart reduced the retainer to 33%%. The testimony of Tart and plaintiff Norton is in sharp conflict here whether Norton was advised of this change. The first modification was July 8, 1952 and there was a further modification to cover the disbursements of Joel executed July 20, 1954. Counsel was retained in Germany by Joel and Tart and when found unsatisfactory other counsel was retained — also in Germany. This court is of the opinion that the ‘ of counsel ’ ’ provision in paragraph “ 4 ” of the dissolution agreement had no reference to the Joel matter in Germany and were it necessary such would be conclusive against plaintiff’s claim.
There is, however, complete proof of an accord and satisfaction. From the evidence in this case it is clear that there was no liquidated sum at stake. The issue was whether the evidence and testimony supported plaintiff’s claim to or defendants’ version of a disputed sum. There was a clear conflict arising out of their respective claims against the recovery from Germany on Joel’s claim. On April 5, 1955 the Chase Manhattan Bank *684 received $414,649.22 and made payment, pursuant to prior explicit instructions, of $138,216.40 to Tart Bros, and Wald, attorneys. Norton was entitled to receive 10% of the Joel matter fee received, after deduction of expenses including foreign legal advice and services. The reduction of the contingency in neither words nor fact altered the rest of the written retainer which was explicit in this regard. On April 6,1955 a check for 10% of the total fee with a final adjustment of another matter (not in dispute) was given to plaintiff’s brother (and law partner) in plaintiff’s absence. This check bore the notation:
“ Payment in full as per statement of A. Jedvabniks 109.25 Carl A. Joel 13166. ”
When received, plaintiff’s brother and partner deposited this check and its proceeds were received by plaintiff. When plaintiff later protested and posed his claim to a larger sum to Tart, he was asked to return the check. This he refused to do, and has accepted and used the proceeds. An accompanying statement of account was delivered with the check. It is this court’s considered judgment that plaintiff has no basis for his complaint and that his action in this case is not warranted on the facts and the law. Settlement of retainers and their modification is inherent in partners in the practice of law (Huntington v. Potter, 32 Barb. 300, 303; Partnership Law, § 66, subd. [1], par. [a]).
The original retainer, of which plaintiff had full knowledge, provided that the fee was to be based on the “ net proceeds which may at any time be recovered, after deducting all expenses, including expenses for foreign legal advice and services.” The change in the percentage of the recovery did not alter the other basic terms of the retainer. The basic formula remained and Norton knew precisely what the base was on which his 10% was to be calculated. The evidence reveals that plaintiff received regularly separate statements of account with each check. The acceptance by plaintiff of a sum offered in settlement of an existing and disputed claim is an accord and satisfaction (Reilly v. Barrett, 220 N. Y. 170, 172). The fact that plaintiff had made a bid for more did not water down the effect of his acceptance of a lesser sum in full satisfaction — and clearly so stated on the check and the accompanying statement (Schuttinger v. Woodruff, 259 N. Y. 212, 216; Nassoiy v. Tomlinson, 148 N. Y. 326, 330, 331; Menasche v. Interoceanic Commodities, 6 A D 2d 421, 422; Fuller v. Kemp, 138 N. Y. 231, 237).
*685 Plaintiff’s cases dealing with payment on account of a “ liquidated ” claim are not in point here. This is not a case where a payment of a lesser sum is designed to settle a claim for an admittedly larger indebtedness. Here was a dispute involving the very question of the amount due — even giving credit to plaintiff’s testimony. Plaintiff’s motions for judgment and for an accounting are denied. Defendants admit a final sum of $174.51, held in escrow on the last accounting, to be payable to plaintiff. Findings and conclusions having been dispensed with by stipulation, the foregoing constitutes the decision of the court. Judgment for plaintiff in the sum of $174.51, with costs to defendants.
Submit judgment.