## SUPREME COURT.

### MARY RICHARDSON agt. ALLAN C. AINSWORTH.

A complete *title* to a chose in action, consisting of a debt due from a third person, passes by its assignment, *without notice to the debtor*.

A voluntary payment by a judgment debtor of an execution against him to the sheriff, under § 293, cannot prejudice a *prior assignee* of the judgment in good faith. (*See to the same effect Robinson agt. Weeks,* 6 *How.*, 161.)

And it makes the payment none the less voluntary, that an *order* was issued and served on the judgment debtor, under § 294 of the Code, but by consent was withdrawn before the payment by the debtor.

*Dutchess General Term, February,* 1861.

EMOTT, BROWN and SCRUGHAM, *Justices.*

JUDGMENT was recovered in the city court of Brooklyn in the above entitled action, on the second day of June, 1860, against the defendant, for $202.85, and on the same day a transcript thereof was filed in the county clerk's office of Kings county. This judgment was assigned by the plaintiff, Mary Richardson, for a valuable consideration, to one Chauncey M. Felt, subject to the lien of the plaintiff's attorney, for his costs, on the said second day of June, 1860. No notice was ever given to the defendant of such assignment, but a notice of it was served on the sheriff on the 11th July, 1860. An execution was issued on this judgment on the said 2d of June, 1860, which remained in the hands of the sheriff of Kings on the 9th day of June, 1860, wholly unsatisfied.

On the 14th of September, 1859, Randolph W. Townsend, Anthony R. Dyett and John Raymond recovered a judgment

against said Mary Richardson and Thomas T. Ellis in the marine court of New York, for $117.90, damages and costs, and a transcript was filed on the same day in the New York common pleas; also a transcript of the judgment of the last mentioned court was filed in the county of Kings on the 15th of September, 1859. An execution upon this judgment was issued to the sheriff of the county of Kings on the 8th day of June, 1860, and remained in his hands on the 9th day of June, 1860, wholly unsatisfied. On the 9th day of June, 1860, the plaintiffs in the last mentioned judgment, on an affidavit, procured from the county judge of Kings county, an order under § 294 of the Code, for the defendant Ainsworth to appear and answer concerning his indebtness to the plaintiff Mary Richardson; which order required the defendant Ainsworth to appear and answer at twelve o'clock on the same day. On the appearance of Ainsworth with his attorney, it was agreed between the latter and one of the plaintiffs in the judgment against Mary Richardson, (all the said plaintiffs in that judgment being attorneys and counsellors at law) that on the consent of Ainsworth to pay over the money to the sheriff sufficient to satisfy the judgment of Townsend, Dyett and Raymond, the order should be withdrawn, and accordingly it was indorsed on the affidavit and order : ·

" The within order, withdrawn by consent, June 9, 1860.
    (Signed)           J. TROY, for Ainsworth."

Thereupon Ainsworth paid to the sheriff the amount of the Townsend, Dyett and Raymond judgment, and the sheriff gave a receipt as follows :
                        " CITY COURT OF BROOKLYN.
*Mary Richardson* agt. *Allan C. Ainsworth:*
. Received, Brooklyn, June 9, 1860, from the defendant, one hundred and twenty-seven dollars and twenty-seven cents on account of the execution in this action, being the amount of a certain execution (with my fees thereon) in

the New York common pleas, in favor of Randolph, W. Townsend and others against Mary Richardson and Thomas T. Ellis, now in my hands for service, the said payment of $127.27 being made by the said Ainsworth to me, as an indebtedness of his, to § 293 of the Code of Procedure.

GEO. REMSEN, sheriff."

On the 19th of June, 1860, the defendant Ainsworth paid to the sheriff the balance of the judgment against him, $77.91, and took the sheriff's receipt in full of the judgment and execution. A few days subsequent the defendant Ainsworth was called on by the sheriff of Kings to pay the same, or another execution issued on the same judgment. Whereupon, on the 11th of July, 1860, Townsend, Dyett and Raymond procured an order of the city judge of Brooklyn, that the sheriff of Kings, and the plaintiff's attorney, in the cause of Richardson agt. Ainsworth, show cause on the 16th of July, 1860, before said judge, why the sheriff should not return the execution in said last mentioned action issued previous to the 9th of June, 1860, as satisfied, and why, if a subsequent execution had been issued to him on said judgment, the same should not be set aside, with costs, and in the meantime staying proceedings on the part of the sheriff on such execution. This motion, after argument, was decided by the city judge of Brooklyn on the 10th of November, 1860, denying the motion mentioned in the order to show cause, and discharging said order, and also revoking the order to the sheriff staying proceedings on the execution. From this order an appeal was taken to the general term of the supreme court.

R. W. TOWNSEND and A. R. DYETT, *for plaintiffs in judgment against Mary Richardson.*

I. Section 293 and section 294 of the Code should be construed together, and by so doing it will be seen. that

Richardson agt. Ainsworth.

§ 293 permits a voluntary payment in anticipation of a compulsory payment under § 294.

By § 297, judge may order money applied. (*Hauptmant* agt. *Cutlin*, 1 *E. D. Smith*, 730 ; *Foster* agt. *Prince*, 18 *How.*, 260 ; *S. C.* 8 *Abbott*, 407.)

No notice is required to judgment debtor by *any of these sections*, and also so expressly decided in *Foster* agt. *Prince*, (8 *Abbott*, 407, 18 *How.*, 260.) But no decision can be necessary, the last clause of § 294, is too explicit to admit even of " construction." And the proceeding under § 294 may be taken without taking any proceeding under § 292. The cases of *Hinds* agt. *Canadaigua*, &c., (10 *How.*, 489); and *Sherwood* agt. *Buffalo*, &c., (12 *id.*, 137,) are ill considered cases, and as far as they seem to hold otherwise have been and very properly overruled. (18 *How.*, 260 ; *Foster* agt. *Prince*, 8 *Abbott*, 407,) (point taken by counsel that the proceeding could not be taken under § 294, except collateral to § 292 overruled.) (*See 2d and 7th points of appellant's counsel, pp.* 408 *and* 409.) Indeed, those decisions were monstrous. It is impossible they could stand, when the provisions for notice in discretion of judge, in § 293, to the judgment debtor is *considered*.

And the proceeding under § 294, may be in a county where the defendant does not reside, &c. (*People* agt. *Norton*, 4 *Sandf.*, 640; *Foster* agt. *Prince*, 18 *How.*, 258, 8 *Abbott*, 407 ; *Robinson* agt. *Weeks*, 6 *How.*, 161,) is not well considered. Besides there, *no execution* had been issued on the judgment which was paid and its payment was *entirely voluntary*.

In *Countryman* agt. *Boyer*, (*cited in Robinson* agt. *Weeks*,) and upon authority of which it seems to have been decided, the party paying was chargeable with, and did not deny *notice*, and there, as in the case of *Robinson* agt. *Weeks*, the party paid without *waiting for an execution to issue*.

In *Lyman* agt. *Cartwright*, (3 *E. D. Smith*, 117,) there was notice given of the prior assignment of the claim paid,

and which was paid in defiance of it, and the decision is upon that ground.

*Here Ackley admits* that he *knew* the payment was *about* to be made, and did *not* give notice either to me or the sheriff of the alleged assignment, and he saw *me*, he says, in court.

*Davenport* agt. *Ludlow*, (4 *How.*, 337,) was decided on the ground that a *verdict in tort* was *not* a *debt*. (*See the case.*)

II. It cannot be that the law will authorize and make it lawful for a party to do an act, (and threaten him under and by § 294, to compel him,) and then refuse to protect him in it, saying it is at his *own risk* that he did it. To call such a party a *volunteer* to pay another's debt, is an abuse of terms. Section 293, in effect prescribes a statutory mode of payment of a man's debt, the law in permitting this guaranteeing the same protection that it gives to all other payments, in all other lawful modes in good faith without notice. To draw a distinction between a payment under this section and a *voluntary* payment to the creditor in favor of the latter, is not only to encourage an illogical, unsubstantial, and fanciful diversity between things essentially alike, but to construe an act of the legislature as a trap to catch the unwary, like the edicts of a Nero, published in lofty columns, so that they could not be read. This may be further illustrated by the fact that if the argument of the plaintiff is sound, the payment, *if a compulsory one, under* § 294, is no better a protection to the party paying, because it is just as true in such a case that the party paying *was not indebted* to the *creditor*, and it would be no answer to say that the judge had *ordered the payment*, for no orders could be effective, made in the *absence and without notice* to the *innocent assignee* (?) whose slumber the court consider it so cruel to disturb, notwithstanding the good old maxim, *Vigilantibus, non dorimentibus succurrerunt leges.*

III. But here the defendant in fact paid *under compulsion.* He paid under both sections, (293 and 294.)

1. An execution was in the hands of the sheriff, against and levied upon his property upon the judgment which he paid.

2. He would properly have paid the sheriff the money on that execution. So he was *compelled* to pay that judgment and to pay it *to the sheriff*, there was no propriety in paying the execution or judgment to Mrs. Richardson after an execution issued.

3. The order under § 294, served on him was the initiation of a compulsary proceeding. This is all that is necessary to make a payment compulsory. He had no defence or excuse to make before the county judge, who in the *exercise of his discretion under* § 294, had *not* ordered notice to the judgment debtor, and he is to be commended in complying with an anticipated order upon a proceeding adverse to him being commenced, just as a party who may pay upon a suit commenced without waiting for judgment, where he has no defence; or who submits to an arrest, or leaves a house on threat of compulsion, or upon process to turn him out, and many other analagous cases that may be imagined.

Under the provisions of the Code, relative to attaching debts, &c., of the debtor, no payment by the debtor of the debtor would be protected, if the defendant's view of the law be correct. The existence of this order under § 294, we think a conclusive answer to the execution now issued. (*See Foster* agt. *Prince, supra,*) *Fry* agt. *Lockwood,* (4 *Cow.,* 454; *Clinton* agt. *Strong,* 9 *J. R.* 370.)

4. Again, here was an execution issued, by which, in its language, the sheriff was required to make the money out of the property of Ainsworth, upon a judgment against him, *in favor of Mrs. Richardson,* without any notice to the sheriff or any one else, of any assignment, signed, too, by O. S. Ackley, " *attorney* for *plaintiff.*" Can a party be allowed thus to set a trap for another, and will the law aid him to

Richardson agt. Ainsworth.

spring it? On the face of the execution, (after the assignment of which no notice was given,) *Mrs. Richardson* was enforcing the judgment in her *own name*. If the assignee did or permitted this, he must suffer the consequences.

In the cases of *Robinson* agt. *Weeks*, and *Countryman* agt. *Boyer, no execution was issued,* (as before remarked,) and there was no order made under § 294.

In both those cases the court admits that if the defendant had paid the *plaintiff in the* judgment without notice of any assignment, he would have been protected, but that paying a judgment against himself to the creditor of his creditor, was a payment to a third party, and voluntary. They did not hold that the same effect would have followed, if an execution had been issued, and that too in the name of the *creditor* after assignment.

We have already attempted, and we think successfully, to show that the court made a distinction between these two modes of payment which is utterly untenable if we could possibly admit the existence of such a distinction. The aspect of the matter, in the case at bar, is changed by the fact that there was an execution issued and levy made upon the judgment, and which he paid.

5. The defendant certainly *had a right* to pay the execution to the *sheriff*. If he had simply done that, would it not have been a perfect protection to him, and could not the sheriff immediately have applied the money on the execution against Mrs. Richardson; and the sheriff paying over without notice of any assignment, is he not protected? Is not, therefore, the *defendant* who paid the *sheriff*, who held the execution against him, protected in any event?

This point is incontrovertible.

6. The proceeding commenced by the order served on the defendant, created a lien upon the fund in his hands from the *service of the* order, and was equivalent to a levy giving Townsent, Dyett and Raymond, a right to the money.

This is entirely well settled. (*Edmonston* agt. *Lyde*, 1

*Paige*, 637; *Utica Ins. Co.* agt. *Poiser*, 3 *Paige*, 365; *Corning* agt. *White*, 2 *Paige*, 567; *Fitch* agt. *Smith*, 10 *Paige*, 9; *Porter* agt. *Williams*, 12 *How.*, 107.)

If the defendant, therefore, paid the fund over, he is in precisely the same position, and entitled to the same protection as if the fund had been *personal property* of a character leviable upon under execution, and which had once belonged to the judgment debtor, by whom it was left in his possession, and levied upon by the sheriff in his hands and which, as far as he had any knowledge, yet belonged to the judgment debtor, and which he thereupon released and permitted to be taken, without any notice that that property had been transferred by the judgment debtor to some other person. (*See same cases*; *see also, on the whole point the same principle in Wood* agt. *Bolland*, 8 *Paige*, 556; *Spear* agt. *Wardle*, 1 *Com.*, 144.)

IV. But if our views thus far expressed are incorrect, the plaintiff, or rather her assignee, Chauncey M. Felt, is estopped from setting up the assignment of the judgment.

1. The execution was issued in the name of the plaintiff, Mrs. Richardson, and by her attorney in the action, and signed " O. S. Ackley, attorney for plaintiff." After the assignment Ackley must be considered Felt's agent in the most favorable view for Felt.

2. Ackley distinctly states and admits *not only that no notice of the assignment was given to the defendant or the sheriff*, but that *before the payment* by defendant was made to the sheriff, *he* (*Ackley*) was *told* that the payment *was about to be made*, but did not even then give any notice of the assignment, either to defendant or to the sheriff.

Surely if a fragment remains of the doctrine of estoppel, the assignee cannot be permitted to assert his claim to the judgment. (*Estoppel by statements and admissions: Stephens* agt. *Band*, 9 *Cow.*, 274; *Dezell* agt. *Odell*, 3 *Hill*, 215; 25 *Wend.*, 658.) (*Estoppel by mere silence: Tylee* agt. *Yates*, 3 *Barb.*, 222; 2 *Hill*, 271; 1 *Johns. Ch. R.*, 344; *Town* agt.

*Needham,* 3 *Paige,* 545; *Lowrey* agt. *Tew,* 3 *Barb. Ch.* 407; *Dougrey* agt. *Topping,* 4 *Paige,* 94.)

V. But the motion should have been granted, because the first execution was *not returned* when the second was issued.

VI. But even if it had been returned, it must have been returned satisfied, or a special return of the fact.

If any remedy existed *it was against the sheriff* for *false return,* on *motion* to *set return aside, not to issue new execution,* and that, too, without showing what had become of the first. It must be remembered that the payment by defendant of the execution, and the sheriff's receipts for it, *were not denied.*

The order should be reversed, with costs.

OLIVER S. ACKLEY, *for plaintiff, Mary Richardson, and for Felt, assignee of the judgment.*

1st. The judgment herein was assigned on the 2d day of June, 1860, which was seven days prior to the date of the payment of any money by the defendant in this action, to any party. This is a sufficient answer to the motion. (*Countryman* agt. *Boyer,* 3 *How.,* 386.)

2d. The evidence shows conclusively that the payment by the defendant, Allan C. Ainsworth, of the judgment of Townsend, Dyett and Raymond, was a payment under the 293d section of the Code. Such payment will not operate to discharge the judgment in this case as against the assignee. (*Robinson* agt. *Weeks,* 6 *How.,* 161.)

3d. The defendant was not *indebted* to the plaintiff after the assignment, and the Code does not require the assignee to give notice of the assignment. (*Countryman* agt. *Boyer,* 3 *How.,* 386; *Robinson* agt. *Weeks,* 6 *How.,* 161.)

4th. The defendant, Ainsworth, in making the payment under the 293d section of the Code, was a mere volunteer.

(*Robinson* agt. *Weeks*, 6 *How.*, 161; *Countryman* agt. *Boyer*, 3 *How.*, 386.)

5th. The assignees of judgments and choses in action will be protected against executions in the hands of the sheriff. The Code has not gone so far as to make judgments and executions issued thereon, liens upon choses in action, or a notice equivalent to a *lis pendens*. (*Robinson* agt. *Weeks*, 6 *How.*, 161.)

6th. The plaintiff's counsel was not bound to take any notice of, or recognize in any manner, Mr. Troy, who was a perfect stranger to him, and who denounced in disrespectful manner Mr. Smith, who had regularly appeared for the defendant. It cannot be claimed upon any ground whatever, or under any circumstance in this case, that the assignee was bound to give notice of the assignment to the defendant or any other party; for a general assignment to a receiver, under the order of the court, or the bankrupt or insolvent laws, by the nominal plaintiff, would have given such receiver or assignor no title to the judgment as against the assignee, even without any notice whatever. (*Muir* agt. *Schenck*, 3 *Hill*, 228.)

7th. The order of the city court appealed from should be affirmed, with costs.

By the court, EMOTT, Justice. The case of *Muir* agt. *Schenck* (3 *Hill*, 228) is clearly, and, we think, correctly to the point, that a complete title to a chose in action, consisting of a debt due from a third person, passes by its assignment without notice to the debtor. The judgment in this case was assigned by the plaintiff to one Felt, on the 2d of June, 1860, and he became the owner of the debt, as well as the judgment recovered on it.

The plaintiffs in the judgment against Mary Richardson procured an order for her examination on the 9th of June, under § 294 of the Code, with a view to an appropriation or application of the present judgment to their benefit,

under § 297. After this the defendant in this judgment voluntarily paid it to them, and their proceeding was withdrawn.

We agree with the reasoning and opinion of Judge Johnson in *Robinson* agt. *Weeks*, (6 *How. P. R.*, 161,) that such payment cannot prejudice a prior assignee in good faith. That case was well considered, and the reasoning of the opinion is perfectly satisfactory.

The payment cannot be construed as made under the compulsory proceedings. They were waived and dropped.

But if not, the order gave no lien upon the judgment, or the debt,—certainly not without notice to the assignee, or the defendant in the first and plaintiff in the second judgment. In this case, as the assignment was before the proceedings, it was beyond their power at any rate.

The order is affirmed, with costs.