JOHN LEE, APPELLANT, *v.* MICHAEL DELEHANTY, FRANCIS DELEHANTY AND BRIDGET DELEHANTY, RESPONDENTS.

*Judgment — assignment of, without notice to judgment debtor — rights of assignee as to payments made by the judgment debtor.*

A. recovered judgment against B. for $150 and assigned it for a valuable consideration, and without notice to B., to his attorney C., who took it in good faith. B. thereafter recovered judgment against A. and assigned it to his attorney D.

D. obtained in supplementary proceedings on the judgment so assigned to him an order that B. pay to D., out of the $150 supposed by B. to be due to A., (but in fact due to A.'s assignee) fifty dollars on the judgment held by D. against A.

*Held,* that the proceedings in which such order was made could not prejudice the rights of C. in the judgment assigned to him by A.

That the payment made by B. under such order was not a payment to C. on the judgment assigned to him.

That A., the assignor of C., was entitled to appeal from the order directing the payment of the fifty dollars to D.

APPEAL by the plaintiff above named from an order made at the Westchester County Special Term, on the 29th of January, 1881, denying a motion made by plaintiff's attorney to vacate an order granted by Mr. Justice DYKMAN on the 5th day of May, 1880, ordering the defendant Bridget Delehanty to pay to William H. Sweny, alleged assignee of a judgment in favor of the said Bridget against the plaintiff, the sum of fifty dollars, by her admitted, on examination as a third party in supplementary proceedings, to be due from herself to the plaintiff.

On the 27th day of April, 1880, the plaintiff recovered a judg-

ment in the County Court of Westchester county against the defendant Bridget Delehanty for about $150, which he duly assigned for value to James Ferguson, his attorney, on the 1st of May, 1880.

On the 5th day of May, 1880, said Bridget Delehanty recovered a judgment for sixty dollars and seven cents costs against the plaintiff, in another action pending between her and the plaintiff in the Supreme Court.

On the same day she assigned this judgment to her attorney, William H. Sweny, Esq., who, on the same day, issued execution on said judgment, and on the same day applied for and obtained an order for the examination of said Bridget Delehanty as a third party indebted to the judgment debtor, which order was made returnable on the same day.

On the same day the said Bridget appeared and was examined, pursuant to the order, and admitted that she was indebted to the plaintiff on the judgment recovered by him against her, as aforesaid, in upwards of fifty dollars, whereupon an order was made commanding her to pay said fifty dollars on the said judgment for costs recovered by herself against the plaintiff and assigned to her attorney as before stated, and that said sum be credited and applied to the satisfaction of the judgment.

James Ferguson (the assignee of the County Court judgment against the defendant) moved to vacate this order for injustice and irregularities. The motion was denied, and from the order denying it the present appeal is taken.

*James Ferguson*, for the appellant.

*Ellis & Sweny*, for the respondent.

BARNARD, P. J.:

The papers clearly show an assignment of the judgment in favor of plaintiff and against Bridget Delehanty on the 1st of May, 1880. The judgment in favor of Francis and Bridget Delehanty against the plaintiff was not recovered until May 5, 1880.

The complete title to the assigned judgment passed to Ferguson without notice to the defendant therein. (*Richardson* v. *Ainsworth*, 20 How. Pr., 521 ; *Muir* v. *Schenck*, 3 Hill, 228.)

The proceedings against Bridget Delehanty to compel her to pay over moneys in her hands belonging to Lee could not prejudice the prior assignee in good faith. (*Robinson* v. *Weeks*, 6 How. Pr., 161.) She then held no property belonging to Lee, the plaintiff. She held property of Ferguson, the assignee. Her admission that she owed Lee could not affect Ferguson. He was not a party to the proceedings against Bridget Delehanty.

The payment under the order was not a payment to Ferguson, and the order directing that the sum paid, fifty dollars, be applied in satisfaction of the judgment should be reversed, with costs and disbursements, and the order vacated, with ten dollars costs.

The plaintiff has the right to appeal. He is made liable to pay back this sum to his assignee.

GILBERT, J., concurred ; DYKMAN, J., not sitting.

Order reversed, with costs and disbursements, and order vacated, with costs.