(12 Misc. Rep. 626.)

GRAND LODGE KNIGHTS OF PYTHIAS v. MANHATTAN SAV. INST.

(Superior Court of New York City, Special Term.  June, 1895.)

SUPPLEMENTARY PROCEEDINGS—ORDER FOR PAYMENT OF MONEY.
    An order in supplementary proceedings "directing" the depositary of money of the judgment debtor to pay it over to the sheriff in satisfaction of the execution, instead of "permitting" such payment, as provided by Code Civ. Proc. § 2447, does not relieve the depositary from liability to another who, before the order was made, became the owner of the money, and notified the depositary of the change of title.

Action by the Grand Lodge Knights of Pythias of the State of New York against the Manhattan Savings Institution.   Defendant demurs to the complaint.   Demurrer overruled.

    The plaintiff was incorporated under and by virtue of chapter 376 of the Laws of 1880, with power to institute subordinate lodges.  The objects were the promotion of friendship, charity, and benevolence, and to aid members in case of sickness or death.  The act declares that all funds raised to further these purposes shall be exempt from process against the grand or any subordinate lodge, and that upon the dissolution or suspension of any subordinate lodge all the funds, etc., to its credit shall belong to and become the property of the grand lodge.   In 1894 the plaintiff granted a charter to certain members, whereby they were constituted a lodge of the order under the name of "Independence Lodge."  This lodge deposited certain moneys with the defend-

ant, and received from it a bank book, numbered 136,838, in which the amounts of the deposits were entered. Attached to the book is an extract from the charter and by-laws of the defendant, providing that no person shall have the right to demand any part of his principal or interest without producing such book, that the payments may be entered therein, and that 60 days' notice must be given before the money can be withdrawn. On April 10, 1895, there was on deposit in defendant's bank $253.93. On the 23d of the preceding month Independence Lodge was duly suspended, whereupon the bank book, etc., were surrendered to the plaintiff, which has since had possession thereof. On April 1, 1895, the plaintiff served notice on the defendant, informing it of the suspension of Independence Lodge, that the bank book had been delivered over to the plaintiff, and that plaintiff owned the funds on deposit as aforesaid. One Hirsch recovered a judgment for $69.72 against Independence Lodge, docketed it, and issued an execution to the sheriff. Supplementary proceedings were instituted, and on April 6th, the assistant receiving teller of the defendant appeared and testified that Independence Lodge had on deposit to its credit $253.93. On April 10th a judge of the court of common pleas made an order directing the defendant to pay out of said moneys $103.21 to the sheriff on account of the execution and $30 costs in said action. The defendant complied with this order on the following day, and now claims that the payment made thereunder is binding on the plaintiff. The plaintiff was not notified of said proceedings, and now sues to recover the entire deposit. The defendant demurs, upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

J. C. De La Mare, for plaintiff.
Hoyt & Schell, for defendant.

McADAM, J. Upon the conceded facts the moneys on deposit became the property of the plaintiff prior to April 1, 1895. The defendant was on that day sufficiently notified of the change of title, and, as a consequence, the payment on April 11, pursuant to the order made by the common pleas judge, was in the defendant's own wrong, and not chargeable to the plaintiff. Richardson v. Ainsworth, 20 How. Prac. 521; Muir v. Schenck, 3 Hill, 232; Schrauth v. Bank, 86 N. Y. 390; Wright v. Cabot, 89 N. Y. 570; Bank v. Pugsley, 47 N. Y. 368; Beebe v. Goodenough, 3 Hun, 73; Roy v. Baucus, 43 Barb. 310.

The order taken by the judgment creditor should have been in the language of section 2446 of the Code, "permitting" the defendant to pay to the sheriff. It can have no greater effect. The defendant might then have availed itself of the option, and, by declining, put the creditor to his remedy by action.

Section 2447, which authorizes a "direction" to pay, applies only to moneys in the hands of the judgment debtor. The provision therein directing delivery over by a third person applies to articles of personal property other than money, capable of delivery, and to which the title of the debtor is undisputed.

If the defendant had called the attention of the judge who made the order to the fact that the plaintiff had possession of the bank book and claimed the deposit, he would no doubt have modified it by making the order permissive instead of mandatory. At all events, the order furnishes no protection to the defendant, and the payment by it to the sheriff must be considered as voluntarily made. The fact that the notice did not specify in detail how the money on deposit became the property of the plaintiff is immaterial, for the

rule is that where a party has notice sufficient to put him upon inquiry, he is chargeable with such knowledge as the inquiry would have disclosed if it had been properly made. Bienenstok v. Ammidown (Super. N. Y.) 29 N. Y. Supp. 593.

It follows that the plaintiff is entitled to judgment on the demurrer, with costs.