EISENBACH v. MUTUAL LIFE INS. CO. OF NEW YORK. (No. 5907.)

(Supreme Court, Appellate Division, First Department. May 29, 1914.)

1. INSURANCE (§ 583*)—LIFE POLICIES—SURRENDER—RIGHT OF CHILDREN.
    Where an endowment policy provided that at the expiration of 20 years it might be surrendered, and the full reserve, with interest and surplus, would be paid to the insured, his executors, administrators, or assigns, the children of the insured had no rights in the policy.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1459, 1460, 1466, 1485; Dec. Dig. § 583.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. INSURANCE (§ 199\*)—ASSIGNMENT OF POLICY—ENDOWMENT INSURANCE.**

An endowment policy, providing for payment at maturity to the insured, his executors or assigns, is assignable, and an assignee has the same right to collect the surrender value of the policy at maturity as the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 468; Dec. Dig. § 199.\*]

**3. INSURANCE (§ 624\*)—ASSIGNMENT OF POLICY—ACTION BY ASSIGNEE—PARTIES.**

Where the holder of an endowment policy, providing for cash surrender at maturity, assigned all of his rights to his wife, if living, if not to his children, his wife could, at maturity of the policy, recover its surrender value without joining the children as defendants, and the insurer could not compel their joinder under Code Civ. Proc. §§ 820, 820a, providing for interpleader, for the children took no rights in case the wife was living at the maturity of the policy, and, the action being simply one on contract, plaintiff cannot be compelled to bring in third parties merely ·for the protection of defendant against a possible liability.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1557–1570; Dec. Dig. § 624.\*]

Appeal from Special Term, New York County.

Action by Henrietta Eisenbach, also known as Ettie Eisenbach, against the Mutual Life Insurance Company of New York. From an order requiring the bringing in of her two children as parties defendant, plaintiff appeals. Order reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Frederick M. Czaki, of New York City (Marion Erwin, of New York City, on the brief), for appellant.

Murray Downs, of New York City (Frederick L. Allen, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action to recover the cash surrender value of a policy of insurance issued by the defendant on the 22d day of December, 1892, on the life of Harry Eisenbach, the husband of the plaintiff. It is a 20-year endowment policy, and the 20 annual premiums have been paid. The policy provided that it was issued on a 20-year distribution plan, and that at the expiration of 20 years it would be credited with its distributive share of surplus apportioned at that time. It was expressly provided that at the expiration of 20 years the policy might be surrendered, "and the full reserve computed by the American Table of Mortality and four per cent. interest, and the surplus as defined above, will be paid therefor in cash." By the terms of the policy it was payable to Harry Eisenbach, the assured, "his executors, administrators or assigns." On the 19th day of May, 1904, the assured executed an assignment of the policy, which was filed with the defendant the day following, as follows:

"For one dollar, to me in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged), I hereby assign, transfer and set over to my wife Ettie Eisenbach, (whose P. O. address is 201 W 85th St.) if living, if not, to my child or children, all my right, title and interest in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this policy, No. 599,539, issued by the Mutual Life Insurance Company of New York.

"Dated in New York this 19th day of May, 1904, in the presence of E. C. Lockerby."

The assured retained possession of the policy until the 3d or 31st day of January, 1913, when he delivered it to the plaintiff, together with an assignment thereof as follows:

"I, Harry Eisenbach, for and in consideration of the sum of one dollar and other valuable considerations, to me in hand paid at and before the ensealing and delivery of these presents, do hereby sell, assign, convey, transfer and set over unto Ettie Eisenbach, my wife, all of my right, title and interest of whatever kind, character, nature or description whatsoever that I ever had, now have, or may at any time hereafter have, under and by virtue of the terms and conditions of a certain policy of life insurance upon my life in the Mutual Life Insurance Company of New York, No. 599,539 and more particularly my right to surrender the said policy under and by virtue of the terms thereof, and to receive the cash surrender value of the full reserve and surplus, as therein provided.

"In witness whereof, I have hereunto set my hand and seal this 3rd day of January in the year one thousand nine hundred and thirteen.
                                             "Harry Eisenbach.
"Signed, sealed and delivered in the presence of Frederick M. Czaki."

The 20-year endowment period had expired at that time, and thereupon the plaintiff and her husband caused the policy to be delivered to the defendant and demanded payment of the cash surrender value, which was $3,033.55. The defendant received and filed the policy, but through its general solicitor wrote the attorneys for the plaintiff, who had transmitted the policy to the company, declining to make the payment without a discharge of liability from the children, claiming that the children had a contingent interest in the policy by virtue of the first assignment. The plaintiff then brought this action, and on motion of the defendant, the order from which the plaintiff appeals was made.

[1-3] The children manifestly had no interest by virtue of the policy itself. It is not disputed that all conditions precedent to entitle the assured or his assignee to the surrender value have been complied with. It is manifest, therefore, that if the assured had not assigned the policy he would be entitled to the surrender value. Such a policy is assignable, and the assignee would have the same right as the assured. Valton v. National Fund Life Assurance Co., 20 N. Y. 32; Steinbach v. Diepenbrock, 158 N. Y. 24, 52 N. E. 662, 44 L. R. A. 417, 70 Am. St. Rep. 424. The case is quite unlike those in which a wife and children are named in a policy and thereby obtained a vested right. Walsh v. Mutual Life Ins. Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651; Whitehead v. N. Y. Life Ins. Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. Rep. 787. But it has been held that, where a policy is payable to a wife on the death of her husband, and in the event of her prior death then to the children, if she survives her husband she takes all and the children have no interest, and that if she does not survive her husband, only the children living at *his* death take. Fidelity Trust Co. v. Marshall, 178 N. Y. 468, 71 N. E. 8, and cases cited. The learned counsel for the defendant insists that by virtue of the first assignment the children have a contingent interest in the policy not-

withstanding the fact that both the husband and the wife were living when the cash surrender value became payable. The contention is too technical to require extended argument. It seems perfectly plain that if the plaintiff were standing on the first assignment alone, that gave her the right to the surrender value of the policy, and that the children had no interest therein, inasmuch as their mother was living at the time the right to surrender the policy and to obtain the cash surrender value accrued. The assignment of the policy was not a waiver of the cash surrender value provisions thereof. Inasmuch, therefore, as the assured had the right to exercise the option given by the surrender value provisions, his assignee had the same right. Gallagher v. Nichols, 60 N. Y. 438; Bolen v. Crosby, 49 N. Y. 183; Olmsted v. Keyes, 85 N. Y. 593. The meaning of the words "if living" in the assignment is too plain to require construction. That meaning is, if living at the time the right accrues, and it relates, not only to the right accruing under the policy at the time of the death of the assured, but to the right to surrender it and obtain the cash surrender value at the expiration of the endowment period. Traveler's Ins. Co. v. Healey, 25 App. Div. 61, 49 N. Y. Supp. 29, affirmed 164 N. Y. 607, 58 N. E. 1093; Dannhauser v. Wallenstein, 169 N. Y. 199, 62 N. E. 160.

This is a simple action on contract to recover a sum of money, and the plaintiff cannot be compelled to bring in third parties merely for the protection of the defendant against a possible liability. If adverse claims are made, and defendant cannot determine between them without hazard, it may avail itself of one of the remedies prescribed by sections 820 and 820a of the Code of Civil Procedure, but that would afford no ground for the order now under review.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.