(93 Misc. Rep. 438)

## KANTOR BROS. v. WILE.

(City Court of New York, Special Term. January 11, 1916.)

1. EXECUTION &⟶391—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD
    PERSON—MODIFICATION OF ORDERS.
       On service of a writ for examination of a third person/ in proceedings
    supplementary to execution, and of the order to pay the sum due to the
    judgment creditor of its depositor, an officer of the bank so examined
    may obey the order, or make application for modification thereof; and,
    if it is then modified, it is inoperative, and need not be obeyed.
       [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1142, 1143,
    1145; Dec. Dig. &⟶391.]

2. EXECUTION &⟶402—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD
    PERSONS—ORDERS TO PAY—WHO SUBJECT.
       Under Code Civ. Proc. § 2447, providing that an order may issue compelling transfer of money or personal property of the judgment debtor
    to the creditor, when in the possession of the debtor, or the transfer of
    articles of personal property in the possession or under the control of

another, to deliver the property to the sheriff, while the order authorized is mandatory, payment of money can be required only from the judgment debtor, and not from a third party, ordered to appear for examination in proceedings supplementary to execution.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1156–1159; Dec. Dig. 402.]

3. BANKS AND BANKING 299—RELATIONS WITH DEPOSITORS.

The relationship between a savings bank and its depositor is that of debtor and creditor, the depositor having no claim to any specific moneys.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1157, 1158; Dec. Dig. 299.]

4. EXECUTION 417—SUPPLEMENTARY PROCEEDINGS—ORDER TO PAY—REFUSAL TO OBEY—EFFECT.

One who is required, in proceedings supplementary to execution, to appear for examination, is not liable for contempt of court in refusing to obey an order to pay moneys in his possession as a debtor of the judgment debtor where he applied for modification of the order, and secured it, requiring payment to the sheriff, instead of the creditor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. 417.]

Action by Kantor Bros. against Edgar Wile, in which judgment was for plaintiff. Execution issued, and plaintiff procured an order directing the Bank for Savings to appear and make discovery concerning property of the judgment debtor. Heard on plaintiff's motion to punish an officer of said bank for contempt in disobeying an order to pay to the sheriff the amount of a deposit alleged to belong to the debtor. Motion denied.

Cadwalader, Wickersham & Taft, of New York City, for the motion. Charles A. Oberwager, of New York City, opposed.

FINELITE, J. This motion is made to punish one of the officers of the Bank for Savings, a third party herein, for alleged contempt of court for his disobedience of one of the mandates of this court, as a result of which the judgment creditor contends his rights and remedies have been impeded, impaired and prejudiced. From the facts disclosed by the papers it appears that the plaintiff obtained a judgment against the defendant in the Municipal Court of the City of New York, First District, for the sum of $1,027.91; that the judgment roll was duly filed in said court, a transcript of said judgment was duly docketed in the office of the clerk of New York county on December 29, 1915, and execution issued to the sheriff of New York county on the same day; thereafter said judgment creditor procured an order of this court directing the Bank for Savings to appear before one of the justices of this court to make discovery on oath concerning any property of said judgment debtor; that on December 31, 1915, the said Bank for Savings appeared by Walter E. Hallett, its chief bookkeeper, who submitted to examination; that in said examination discovery was made that the said judgment debtor had deposited with the Bank for Savings in or about the month of January, 1915, in his own name, the sum of $800, which, together with interest, now amounts to $814. It was further disclosed that no order of any judge or court had been

made affecting said moneys, or served upon the Bank for Savings, except the order of this court directing the said bank to appear as a third party on December 31, 1915, in order to make discovery on oath concerning said property of the judgment debtor. Subsequently an order was issued directing the Bank for Savings to pay to the sheriff of the county of New York said sum of $814, the alleged property of the judgment debtor on deposit with said bank, the said moneys to be applied towards the payment of the judgment heretofore mentioned. This order was duly served upon one of the officers of said bank, and, as alleged in one of the affidavits upon which this motion is based, said officer declared that he would refuse to obey any such order, and would not pay said sum of $814 to the sheriff of the county of New York. This latter statement is positively denied in an affidavit made by the officer of the bank.

[1] It is contended on the part of the judgment creditor that because of the failure of the officer of the bank to obey the order of the court his rights have been impeded, impaired, and prejudiced, and that the action of the officer of the bank was in total disregard of and in violation of the order of this court. The officer of the Bank for Savings had two remedies open to him, either to obey the order of the court or to make application to have the same modified. He did apply to the judge who made the order of December 31, 1915, which directed the bank to pay to the sheriff the sum of $814 on deposit in the name of the judgment debtor, and obtained a modification of said order on January 6, 1916, in substance, permitting said bank to pay the $814 on deposit in the name of the debtor to the sheriff. This order modified the original one as of the date of that order and thereby the original order became inoperative.

[2] Section 2447 of the Code, with reference to the delivery of money or property to the sheriff or receiver, reads:

"Where it appears, from the examination or testimony taken in a special proceeding authorized by this article, that the judgment debtor has, in his possession or under his control, money or other personal property, belonging to him, or that one or more articles of personal property, capable of delivery, his right to the possession whereof is not substantially disputed, or in the possession or under the control of another person, the judge, by whom the order or warrant was granted, or to whom it is returnable, may, in his discretion, and upon such a notice, given to such persons, as he deems just, or without notice, make an order, directing the judgment debtor, or other person, immediately to pay the money, or deliver the articles of personal property, to a sheriff, designated in the order, unless a receiver has been appointed, or a receivership has been extended to the special proceeding, and in that case to the receiver."

The order authorized by section 2447 is mandatory, but where the payment of money is directed it can only be required from a judgment debtor, and not a third party, who can only be required to deliver "one or more articles of personal property capable of delivery," the right to which is not substantially disputed. This has become mandatory, and McAdam, J., in construing this section in the case of Knights of Pythias v. Manhattan Savings Institution, 12 Misc. Rep. 626, at page 628, 34 N. Y. Supp. 253, at page 254, says:

"Section 2447, which authorizes a direction to pay, applies only to moneys in the hands of the judgment debtor. The provision therein directing delivery over by a third person applies to articles of personal property other than money, capable of delivery, and to which the title of the debtor is undisputed. If the defendant had called the attention of the judge who made the order to the fact that the plaintiff had possession of the bankbook and claimed the deposit, he would no doubt have modified it by making the order permissive instead of mandatory."

In Bradner's Practice in Supplementary Proceedings (2d Ed.) p. 167, it says:

"The statute does not authorize a judge to direct a third party to pay any money to a sheriff or receiver. It authorizes him only to direct a third party to deliver articles of personal property."

Nichols' New York Practice, vol. 3, § 2393, p. 3325, says:

"Sections 2446 and 2447 of the Code provide a method for the payment of money or the delivery of property to the sheriff or the receiver for the benefit of the person instituting the supplementary proceedings. The principal difference between the two provisions is that section 2446, which permits a person indebted to the judgment debtor to pay the debt to a sheriff so as to discharge the indebtedness, is merely permissive and applies only to an indebtedness, while, on the other hand, the succeeding section, i. e., 2447, applies only to money or other personal property in the hands of the judgment debtor and 'articles of personal property which are capable of delivery' in the possession or under the control of another person."

In the case of West Side Bank v. Pugsley, 47 N. Y. 368, under the provisions of the Code of Procedure, which were almost similar to sections 2446 and 2447 of the Code of Civil Procedure, the court held that the officers of a bank who refused to comply with an order identical to the order in the case now before the court could not be punished for contempt in disobeying the order. When the circumstances were presented to the judge who signed the order, namely, that it should have been permissive, instead of mandatory, he at once modified it by striking out the mandatory provisions and substituting permissive provisions in place thereof, making the order nunc pro tunc as of the date of the original order.

[3] The relationship existing between the Bank for Savings and the judgment debtor was that of debtor and creditor. It is elementary that the depositor in a savings bank has no claim to any specific moneys. Upon opening his account he becomes merely a creditor of the bank. It was said in People v. Mechanics' & Traders' Savings Institution, 92 N. Y. 7, Andrews, J., writing the opinion, at page 9:

"The primary relation of a depositor in a savings bank, to the corporation is that of creditor and not that of a beneficiary of a trust. The deposit, when made, becomes the property of the corporation. The depositor is a creditor for the amount of the deposit, which the corporation becomes liable to pay, according to the terms of the contract under which it is made."

In Fowler v. Bowery Savings Bank, 113 N. Y. 450, at page 453, 21 N. E. 172, at page 173 (4 L. R. A. 145, 10 Am. St. Rep. 479), Earl, J., says:

"The relation between a savings bank and a depositor therein is that of debtor and creditor, and the defendant, therefore, became a debtor for the sum deposited with it, by John White."

[4] Upon a consideration of these authorities and from the facts disclosed in the answering affidavits the court fails to see wherein the officer of the Bank for Savings in any manner committed a contempt of an order of this court, or where the rights of the judgment creditor have in any way been impeded, impaired or prejudiced. I have not found it necessary to go into the merits of the entire proceedings, but merely to pass upon the question of the alleged contempt of a mandate of this court.

The motion of the judgment creditor to punish the officer of the bank is denied, with leave to the judgment creditor to apply for the appointment of a receiver of the funds in the control of the bank, which receiver may, in an action brought against the bank, have the rights of the parties adjudicated and determined.

Order signed.