Stephen G. Ecker, Plaintiff and Judgment Creditor, *v.* Abraham A. Myer, Defendant and Judgment Debtor.

City Court of the City of New York, March, 1922.

Insurance — debtor and creditor — policy of insurance on debtor's life. payable to his wife held by receiver in supplementary proceedings as asset — provision in policy that insured can elect to take cash surrender value — when receiver can compel insurance company to pay to him the cash surrender value of the policy — when wife has no vested interest.

A contract of life insurance is to be interpreted by the general rules of law applicable to contracts except as modified by statute.

Where a policy of life insurance is payable upon the death of the insured to his wife with the right of the insured to change the beneficiary and to elect to receive the cash surrender value of the policy, subject to its provisions, the wife has no vested interest in the policy. The receiver in proceedings supplementary to an execution issued upon a judgment duly docketed against the insured is entitled to make the election in behalf of the judgment debtor and to receive the cash surrender value of the policy.

Where, therefore, it appears that all premiums have been paid and that the policy, which is now in the hands of said receiver, has not lapsed and that both the debtor and his wife refuse to request the insurance company to pay the cash surrender value of the policy to said receiver, the court upon motion of the judgment creditor made pursuant to section 793 of the Civil Practice Act, will grant an order directing the payment of the cash surrender value of the policy to the receiver who under rule 109 of the Rules of Civil Practice upon the undisputed facts would be entitled to judgment in an action brought by him against the insurance company.

Motion for a mandatory order directing a third party to pay to a receiver the cash surrender value of a policy issued on life of a judgment debtor.

*Eugene I. Yuells,* for plaintiff.

*Alexander & Green (Peter C. Man,* of counsel), for Equitable Life Assurance Society of the United States, third party.

La Fetra, J. This motion is made by the creditor for a mandatory order directing the Equitable Life Assurance Society of the United States, a third party, to pay to the receiver of the debtor, in proceedings supplementary to execution, the cash surrender value of a policy issued by it on the life of the debtor, pursuant to the provisions of section 793 of the Civil Practice Act. The policy is payable upon the death of the insured to his wife, with the right upon the part of the insured to change the beneficiary. After three years' premiums have been paid, or, after said period, upon any default in the payment of any premium or installment thereof, and within three months after such default, he may elect, subject to the provisions of the policy, (a) to receive the cash surrender value; (b) to purchase non-participating paid-up life insurance; (c) to

continue the insurance as paid-up extended term insurance; or (d) to obtain a loan.  The creditor contends the receiver is now entitled to make an election in behalf of the debtor and to receive the cash surrender value irrespective of the other powers of election in the debtor.  The society interposes and asserts the debtor's wife has a vested interest in the policy; that it is necessary for its protection that she join with her husband in a written request for payment of the cash surrender value to the receiver.  The policy is now in the possession of the receiver and both the debtor and his wife refuse to make the request.  No question is presented as to intervening rights of other third parties, as to the amount of the cash surrender value or the financial ability of the society to pay the amount now due.  The sole question is as to the vested interest, if any, of the debtor's wife.  All premiums have been paid and the policy has not lapsed.  The delivery and acceptance of a policy by the insured created a contract and is to be interpreted by the general rules of law applicable to like contracts, except as modified by statutory requirements.  The contention of the society is erroneous and seems to have arisen from reliance upon quotations from decisions involving rights in policies wherein the wife was the insured and the husband the life insured as distinguished from policies wherein the husband is both the insured and the life insured.  In the former the wife has a vested interest, while in the latter she usually has a beneficial interest contingent upon the prior death of her husband.  The subject is clarified by considering the purpose and object of the act of 1840, chapter 80, the acts amendatory and the present codification thereof, now section 53 of the Domestic Relations Law.  They were passed to assure to the wife an insurable interest in the life of her husband, free from the claims of his creditors, except when excessive premiums were paid by him in fraud thereof.  *Eadie* v. *Slimmon,* 26 N. Y. 9, 17, 18.  See, also, *Ruppert* v. *Union Mutual Insurance Co.,* 30 N. Y. Super. Ct. 155.  When the power to change the beneficiary is irrevocable the reserved rights of the insured, as well as the beneficiary, are likewise interpreted by the rules of law applicable to contracts.  To recover upon a policy of insurance at common law it was necessary to allege and prove an insurable interest in the person or object insured.  This led " to the interest or no interest " contract in marine insurance and the passage of the act of 19 George II (chap. 37), reciting the mischiefs which had arisen and prohibiting them thereafter as wagering contracts.  Subsequently came the enactment of the statute of 14 George III (chap. 48), which prohibited insurance upon lives where the person insuring had no interest in the life insured.  *Ruse* v. *Mutual Benefit Life Insurance Co.,* 23 N. Y.

516, 525–527. In *Travelers Insurance Co.* v. *Healey,* 25 App. Div. 53; affd., 164 N. Y. 607, the husband was the insured as well as the life insured. The policy was payable at the death of the insured to his wife, or in case she is then dead to their children, and if neither wife nor children survive the insured, then to the insured's executors, administrators or assigns. It further provided for a conversion into cash after a certain fixed period at the option of the holder. An assignment by the husband of his interest, although not in writing, nor made with the consent of his wife and children, was held to be valid. I quote from the opinion of Landon, J. (59–61): " To the extent that this policy was for the benefit and use of the wife, the written consent of the husband was necessary to her assignment of it, but to the extent that it was for the benefit and use of the husband it was not; her written consent or assignment was not necessary; nor need the husband's assignment be in writing, since at common law he could insure his own life for his own use, and of course dispose of his interest in the policy to his own advantage without asking leave of his wife or children (*Valton* v. *National Fund Life Co.,* 20 N. Y. 32). In *Whitehead* v. *N. Y. Life Ins. Co.* (102 N. Y. 152), it is held that the interest of the wife and children in the policy becomes vested at the moment of its execution, but that is said with reference to a policy taken out by the wife upon the life of her husband for her benefit, or, in case of her death before his, of their children, with no privilege in it for the husband to take the benefit to himself. This fact is emphasized in the opinion. The contract is said to be about the husband, not with him. (See *Walsh* v. *Mutual Life Ins. Co.,* 133 N. Y. 408.) Cases arising after the death of the husband upon policies insuring his life for the benefit of his wife or children, with no optional cash converting provision in his favor in his lifetime, or, if so, with the option unexercised, are foreign to the case presented by this policy."

In *Dannhauser* v. *Wallenstein,* 169 N. Y. 199, 209, the principle was reaffirmed by Werner, J., in the following language: " Nor does the fact that the paid-up policy was issued at the instance of the wife and was payable to her or her legal representatives change the contract. If the original policy was not a ' wife's ' policy, the defendant's only title to or right therein was derived through the assignment of her husband to her. By virtue of that assignment she became the owner thereof * * * and hence she was the only person to whom the paid-up policy could have been issued."

To the same effect are *Caplin* v. *Penn. Mutual Life Ins. Co.,* 182 App. Div. 269, 273, 274; affd., 229 N. Y. 545; *Bradshaw* v. *Mutual Life Ins. Co.,* 187 id. 347, 354, 355; 205 id. 467, 470, 472. See, also, *Caplin* v. *Penn. Mutual Life Ins. Co.,* 100 Misc. Rep. 374; revd.

above; *Hilton* v. *New York Life Ins. Co.*, 113 Misc. Rep. 74; *McDonough* v. *Ætna Life Ins. Co.*, 38 id. 625; *Eisenbach* v. *Mutual Life Ins. Co.*, 162 App. Div. 595; *Frank* v. *Mutual Life Ins. Co. of New York*, 102 N. Y. 266; *Garner* v. *Germania Life Ins. Co.*, 110 id. 266. The cash surrender value of the policy is property which belonged to the debtor, title to which is now vested in the receiver. *Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635, 647, 648; *Cohen* v. *Samuels*, 245 U. S. 50. The creditor asks for a mandatory instead of a permissive order directing payment to the receiver. Civil Practice Act, § 793. That section revises section 2447 of the Code of Civil Procedure, but the only change is in punctuation. The interpretation thereof expressed in *Knights of Pythias* v. *Man. Sav. Inst.*, 12 Misc. Rep. 626, 628, seems to be controlling. There title to the fund in the possession of the bank had passed to the plaintiff and notice given to the bank before payment under a third party order. An action followed and plaintiff was awarded judgment overruling the defendant's demurrer. Indirectly the distinction was an issue, and the court said: " Section 2447, which authorizes a ' direction ' to pay, applies only to moneys in the hands of the judgment debtor. The provision therein directing delivery over by a third person applies to articles of personal property other than money, capable of delivery, and to which the title of the debtor is undisputed." However, see *Lynch* v. *Johnson*, 48 N. Y. 27, 33; *West Side Bank* v. *Pugsley*, 47 id. 368, 374; 23 C. J. 869, § 1021. In *Kantor Brothers* v. *Wile*, 93 Misc. Rep. 438, 441, a permissive order was under review. Upon the undisputed facts the receiver would be entitled to judgment in an action by him against the society. Rule 109 of the Rules of Civil Practice. The directory order is a drastic remedy, and third parties must be fully protected when a substantial dispute exists or they are unable to meet their obligations to the debtor. Submit order on notice.

Ordered accordingly.