In the Matter of Supplementary Proceedings: STEPHEN G. ECKER, Respondent, *v.* ABRAHAM A. MYER, Defendant and Judgment Debtor, THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

Supreme Court, Appellate Term, First Department, October, 1922.

**Insurance — debtor and creditor — receiver in supplementary proceedings not entitled to an order requiring insurance company to pay to him cash surrender value of policy on debtor's life — Civ. Pr. Act, § 793.**

Under section 793 of the Civil Practice Act an order requiring an insurance company to pay over to a receiver in supplementary proceedings the cash surrender value of an insurance policy on the life of the judgment debtor is unauthorized, and if granted it will be reversed, with costs, and the motion therefor denied, with costs.

APPEAL by the Equitable Life Assurance Society of the United States from an order of the City Court of the city of New York

Appellate Term, First Department, October, 1922.　　[Vol. 119

granting the judgment creditor's motion for a mandatory order directing the society to pay over to the receiver of the judgment debtor the surrender value of an insurance policy on the life of the judgment debtor.

*Alexander & Green* (*Peter C. Mann*, of counsel), for appellant.

*Eugene I. Yuells*, for respondent.

*Per Curiam.* Prior to the enactment of the Civil Practice Act the rule was established that under section 2447 of the Code of Civil Procedure an order, such as was made in this case, directing a third party to pay over money to a receiver was unwarranted; that it was only articles of personal property belonging to the debtor in the possession or control of a third party that the judge or court was authorized to direct such third party to turn over to the receiver. *West Side Bank* v. *Pugsley*, 47 N. Y. 368; *Knights of Pythias* v. *Man. Sav. Inst.*, 12 Misc. Rep. 626. The subject is now covered by section 793 of the Civil Practice Act, and that section is almost identical in its provisions with section 2447 of the Code.

Under what must be regarded as the established construction given to the former statute an order requiring the appellant to pay over the surrender value of the policy was unauthorized. At most there was an indebtedness from the appellant to the debtor for the surrender value of the policy, and the amount of such indebtedness was neither money in the hands of the appellant belonging to the debtor nor was it an article of personal property within the meaning of the statute.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.

Order reversed.