CHANIN REALTY CORPORATION, Judgment Creditor, *v.* UNITED STATES BOND AND MORTGAGE CORPORATION, Judgment Debtor.

City Court of New York, New York County, March 2, 1933.

*Kramer & Kleinfeld*, for the judgment creditor.

*Mc Kercher & Link*, for the judgment debtor.

LA FETRA, Ch. J. This is a motion for a mandatory order directing the debtor, a corporation, to turn over a deposit to its credit upon the books of the National City Bank, Forty-second Street Branch, to the sheriff of the county of New York, to be applied in satisfaction of an execution in favor of the judgment creditor, pursuant to the provisions of section 793 of the Civil Practice Act. The credit is sufficient in amount to satisfy the same.

In *Matter of Delaney* (256 N. Y. 315, 321, May, 1931), Judge POUND, writing the opinion, says: " The amount so held did not, by reason of the injunction order, cease to be a debt and become tangible property like a roll of silver dollars held for the owner.

" The proceedings below have gone on the erroneous theory that the entire indebtedness of the bank to its depositor is a tangible asset of the judgment debtor capable of delivery *in specie* to the receiver and subject to the provisions of the last sentence of General Corporation Law, section 170, which provides for the delivery of such property to the receiver. But the payment of debts must be kept distinct from the delivery of property (Civ. Prac. Act, secs. 792, 793) and it appears that the bank never held any tangible property of the insolvent corporation which was capable of physical delivery but was merely indebted to it, subject to the injunction order. Moreover, all rights of property, if their recognition is resisted on substantial grounds (*Kenney* v. *South Shore N. G. & F. Co., supra* [201 N. Y. 89]), must be determined by action and may not be enforced summarily."

See, also, *Matter of Boucker Contracting Co.* v. *Callahan Contracting Co.* (218 N. Y. 321). The Appellate Term, First Department, October, 1922, in *Matter of Ecker* v. *Myer* (119 Misc. 375, 376), in a *per curiam* decision, reversing two opinions in the same proceeding (118 Misc. 356, and Id. 443), set forth the underlying principle to be followed, in these words: " Under what must be regarded as the established construction given to the former statute an order requiring the appellant to pay over the surrender value of the policy was unauthorized. At most there was an indebtedness from the appellant to the debtor for the surrender value of the policy, and the amount of such indebtedness was neither money in the hands of the appellant belonging to the debtor nor was it an article of personal property within the meaning of the statute."

See, also, Gilbert-Bliss, Civil Practice of New York (book 4, § 793) and cases cited.

Motion denied.